**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Danny PURVIS, Defendant–Appellant.**

**No. 90–50183.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1991.

Decided Aug. 2, 1991.

---

Myra Sun, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

Robert L. Brosio, Asst. U.S. Atty., Chief, Crim. Div., Jennifer T. Lum, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before TANG, REINHARDT and WIGGINS, Circuit Judges.

REINHARDT, Circuit Judge:

Following the filing of an information, Danny Purvis was prosecuted for a violation of 21 U.S.C. § 844(a), simple possession of a controlled substance. He was found guilty of that misdemeanor offense and sentenced to one year imprisonment plus one year of supervised release. The conditions of his supervised release required him to refrain from drug usage and to submit to drug testing and treatment at the direction of the U.S. Probation Office. Mr. Purvis served 360 days in custody for the violation of § 844(a). Three and a half months after beginning to serve his supervised release term, he was arrested based on his probation officer's petition for revocation because he had allegedly tested positive on four separate occasions for the presence of drugs in his system and had refused to enter a residential drug treatment program. Mr. Purvis was detained in federal custody for 33 days before a status hearing was held. At that time, he was released from custody on the condition that he abide by the terms of his supervised release. At a subsequent hearing, the district court revoked Mr. Purvis's supervised release but then reinstated it under the same terms and conditions as those set forth in the original judgment. In the course of reinstating the supervised re-

lease, the district judge warned that if Mr. Purvis were to violate the terms of his supervised release again, he would be sentenced to either one year imprisonment pursuant to 18 U.S.C. § 3583 (revocation of supervised release) or six months imprisonment pursuant to 18 U.S.C. § 401(3) (contempt of court).

Mr. Purvis first appeals the district court's finding that despite having served an entire year in jail on his misdemeanor offense, he may be subjected to further imprisonment in the future pursuant to a revocation of his supervised release or a finding of contempt. We previously held a challenge to a possible future revocation not ripe, on the ground that the threatened deprivation of rights was hypothetical. *See United States v. Linares,* 921 F.2d 841, 843 (9th Cir.1990); *United States v. Montenegro–Rojo,* 908 F.2d 425, 432 n. 9 (9th Cir.1990). Mr. Purvis's case is different. He has already served more than a year in custody as a result of the 33 day period of detention pending his status hearing. If his legal argument is correct, he has already suffered constitutional injury. Thus, there is no ripeness barrier to his contention that he may not be compelled to serve more than one year in confinement. Because we hold that the district court has the power to sentence Mr. Purvis to additional incarceration by revoking his supervised release, we do not reach the question whether it could also do so by holding him in contempt.

## I.

Section 844(a), which governs the substantive offense of which Mr. Purvis was convicted, provides for a maximum term of imprisonment of one year. Mr. Purvis argues that because he has already served one year in custody, neither § 3583, governing supervised release, nor the Indictment Clause of the Constitution permits the district court to revoke his supervised release and sentence him to an additional period of incarceration.

Essentially, Mr. Purvis's statutory argument is as follows. Section 844(a) authorizes a term of imprisonment of no more than one year. Section 3583 provides that a "court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include *as a part of the sentence* a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a) (emphasis added). According to Mr. Purvis, the language of § 3583 indicates that the supervised release is a part of the *same sentence* as the term of imprisonment. Therefore, he argues, the *total* imprisonment that may be imposed pursuant to a combination of the initial sentence of imprisonment and a revocation of supervised release may not exceed the statutory maximum of one year.

Technically, Mr. Purvis is correct that we have not yet decided the precise statutory issue he raises regarding the *revocation* of supervised release. However, our precedents make it clear that his argument cannot succeed. We have expressly and repeatedly held that a sentencing court may *impose* a term of supervised release which, when combined with the term of imprisonment, results in a total sentence beyond the statutory maximum for the substantive offense. *See Linares,* 921 F.2d at 843; *United States v. Doering,* 909 F.2d 392, 393–94 (9th Cir.1990); *Montenegro–Rojo,* 908 F.2d at 431–34; *United States v. Robertson,* 901 F.2d 733, 735 (9th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 395, 112 L.Ed.2d 405 (1990). Our reasoning in those cases squarely rejected the argument that § 3583 merely authorizes a sentencing court to substitute a period of supervised release for a portion of the term of incarceration authorized by a substantive statute. Instead, we held, "the statute is better read as giving a sentencing court the option to tack a period of supervised release onto any term of imprisonment authorized by a substantive criminal statute, even a term near or at the maximum." *Montenegro–Rojo,* 908 F.2d at 432.

Our holding regarding the imposition of supervised release was based on a consideration of three factors. First, we noted that the language of § 3583 authorizes the imposition of supervised release as a part of

the defendant's *sentence,* not as a part of his *incarceration.* That usage, we said, "implies that a period of supervised release is to be imposed in addition to any incarceration authorized by a particular substantive criminal statute." *Id.* Second, we analyzed the congressional intent behind the enactment of § 3583. We observed that Congress meant to replace the parole system, under which the length of the defendant's parole depended on the length of his original prison term, with a supervised release system, under which the length of the defendant's supervised release would depend on his need for supervision. We observed that an interpretation linking the length of a defendant's supervised release to the length of his original incarceration would be contrary to that intent and would, moreover, often result in the most dangerous defendants receiving the shortest terms of supervised release. *Id.* at 432–34. Finally, we considered the Sentencing Guidelines, which *require* the imposition of supervised release when a defendant is sentenced to more than one year of incarceration. We said that, in view of the Guidelines, the interpretation of § 3583 advanced by the defendant in that case (and advanced again by Mr. Purvis here) would mean that no felon could ever be sentenced to the maximum period of incarceration authorized by the substantive statute. We reasoned that if Congress had intended that result, it would have said so explicitly. *Id.* at 434.

Mr. Purvis would have us interpret § 3583 differently for the *revocation* of supervised release than for the *imposition* of supervised release. We cannot logically do so. The principles governing our interpretation of the statute are the same in both instances, and it would make no sense to adopt different rules. Indeed, Mr. Purvis's approach conflicts directly with the rationale set forth in the cases in which we approved the imposition of supervised release. Under his theory, although supervised release could still be *imposed* when a

defendant is sentenced to the statutory maximum period of incarceration, the imposition would accomplish nothing in the case of the most serious offenders—those who actually serve the maximum, or close to the maximum, period of time. For those defendants, no violation of the terms of their supervised release, no matter how egregious, could ever result in its revocation. That was certainly not our intent. As we explained in *Montenegro–Rojo,* our construction of § 3583 cannot be one that renders supervised release meaningless for those defendants who need it most. *Id.* at 433.

When we expressly approved of the imposition of supervised release, we implicitly approved of its revocation as well. Indeed, we said as much. *See id.* at 432 n. 9 (dicta) ("if, as we hold, § 3583 itself provides authorization for periods of supervised release in excess of the maximum imprisonment terms of specific criminal statutes, it also implicitly provides authorization for ... any such supervised release time spent in jail"). Today we make our prior dicta the law. We hold that § 3583 authorizes the revocation of supervised release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum incarceration permissible under the substantive statute.[1]

## II.

Mr. Purvis next argues that because he was prosecuted by information rather than by indictment, the Indictment Clause prevents the district court from revoking his supervised release and sentencing him to imprisonment for a period of time that, when combined with his original imprisonment, exceeds one year.

The Indictment Clause provides:

No person shall be held to answer for a capital, or otherwise infamous crime,

---

**1.** Mr. Purvis also argues that where a statute is susceptible of more than one interpretation, we should choose the interpretation that avoids raising constitutional issues. That principle is inapplicable where, as here, precedents preclude us from reasonably interpreting the statute in more than one way.

unless on a presentment or indictment of a Grand Jury....

U.S. Const. amend. V, cl. 1. The clause has been interpreted to require an indictment for felony offenses, which carry an authorized term of imprisonment of over one year, but not to require an indictment for misdemeanor offenses, which authorize a term of imprisonment of one year or less.

The considerations that affect our analysis of the Indictment Clause issue are similar to those which we addressed in our statutory analysis. Initially, we note that the applicability of the Indictment Clause is an issue that must be resolved when a prosecution is first initiated, not when a judge eventually revokes a defendant's supervised release. For that reason, if a term of supervised release has any bearing on the applicability of the Indictment Clause, its relevance is in the *possibility* that it will be imposed and ultimately revoked. The need for an indictment is triggered by *authorized* punishments.

 We have previously held that a person convicted of a misdemeanor who faces an authorized punishment of one year of incarceration plus one year of supervised release is not subject to a term of imprisonment of more than one year for purposes of the Indictment Clause. *Linares*, 921 F.2d at 844. Thus, we held, no indictment was required to initiate a misdemeanor prosecution. *Id.* That holding is controlling.

We observe, parenthetically, that even if we were not bound by precedent, we would reject Mr. Purvis's argument. Were his view to prevail, it would have the effect of completely eliminating the category of misdemeanors. Pursuant to both § 3583 and the Sentencing Guidelines, a misdemeanor conviction carries an authorized term of up to one year of supervised release in addition to the initial term of imprisonment. Thus, under Mr. Purvis's reasoning, *every* misdemeanor would be an infamous crime that would require an indictment in order to initiate prosecution. The Constitution does not require that result. Historically, misdemeanants have been subject to terms of probation in excess of one year. The Indictment Clause has never been held to apply to misdemeanors although probation, like supervised release, could have resulted in additional incarceration if its terms were violated. Instead, we looked historically only to the term of incarceration authorized by the substantive criminal statute to determine whether an indictment was required. Logically, we must treat supervised release in a consistent manner.

In conclusion, we hold that no indictment is required where the maximum term of incarceration authorized by a substantive criminal statute is one year or less. Accordingly, the judgment below is

AFFIRMED.