UNITED STATES of America,
Plaintiff, Appellee,

v.

Samuel MANDARELLI, III,
Defendant, Appellant.

No. 92–1637.

United States Court of Appeals,
First Circuit.

Heard Nov. 2, 1992.

Decided Dec. 22, 1992.

Stephen H. Mackenzie, Portland, ME, for appellant.

Margaret D. McGaughey, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., and Michael M. DuBose, Asst. U.S. Atty., Portland, ME, were on brief, for appellee.

Before BREYER, Chief Judge, BOWNES, Senior Circuit Judge, and SELYA, Circuit Judge.

BREYER, Chief Judge.

In 1989 Samuel J. Mandarelli, III pled guilty to a charge of possessing a gun unlawfully (as a previously convicted felon). 18 U.S.C. §§ 922(g), 924(a)(2). The district court, following the then-current Sentencing Guidelines, imposed a sentence of twelve months in prison, followed by twenty-four months of supervised release. In 1992, after completing his term in prison, Mandarelli violated an important condition attached to his supervised release, namely, the condition that he "not commit another ... crime." Mandarelli violated this condition 1) by assaulting an acquaintance, see Me.Rev.Stat.Ann. tit. 17–A, § 207, and 2) by giving his probation officer a false address, see 18 U.S.C. § 1001. Consequently, the district court revoked Mandarelli's supervised release and, again following the Guidelines, sentenced him to serve eighteen months in prison. Mandarelli appeals, claiming that the law forbids the court to sentence him (for his "supervised release" violation) to more than fourteen additional months in prison, the maximum he could have received under the Guidelines for his original (felon in possession of a firearm) offense. We find Mandarelli's argument unconvincing and affirm the district court's judgment.

The relevant sentencing statute and the relevant Sentencing Guidelines give the district court adequate legal power to impose an eighteen month sentence. The statute, 18 U.S.C. § 3583, is entitled "Inclusion of a term of supervised release after imprisonment." It says, in relevant part, that, if the sentencing court "finds ... that the person violated a condition of supervised release," then the court

may ... revoke [the] term of supervised release, and require the person to serve in prison *all or part of the term of supervised release without credit* for time previously served on postrelease supervision.... except that [the person] may *not* be required to serve *more than* ... *2 years* in prison *if* the [original] offense was a *Class C* ... felony....

18 U.S.C. § 3583(e) (emphasis added). Since Mandarelli's initial crime was a Class

C felony, *see* 18 U.S.C. §§ 924(a)(2), 3559(a)(3), and the initial term of supervised release was twenty-four months, his eighteen month sentence satisfies both these requirements.

The same statutory provision adds another requirement, namely that the new sentence be "pursuant to the ... provisions of applicable policy statements issued by the Sentencing Commission...." 18 U.S.C. § 3583(e). Guidelines Chapter 7B, entitled "Probation and Supervised Release Violations" contains these "policy statements." Guidelines (policy statement) section 7B1.1 divides violations of conditions of supervised release into three categories, according to the seriousness of the "violating" conduct. It describes as "Grade B Violations" conduct that does not involve drugs, guns, or serious violence, but which constitutes an "offense punishable by a term of imprisonment exceeding one year." Guidelines (policy statement) section 7B1.3(a)(1) says that "[u]pon a finding of a Grade ... B violation, the court shall revoke ... supervised release." And, Guidelines (policy statement) section 7B1.4(a) says that in the case of a Grade B violation committed by a person in Criminal History Category IV, the "range of imprisonment" is twelve to eighteen months.

The district court followed these Guidelines policy statements. It found that Mandarelli's condition-violating conduct fell within Grade B, *see* 18 U.S.C. § 1001 (five year maximum), and that Mandarelli's Criminal History placed him in Category IV. The court then noted the Guidelines conclusion, namely, a prison sentence of twelve to eighteen months. And, the court chose a sentence, eighteen months, at the top of this range. The court, then, would seem to have followed both the Guidelines "policy statements" and the statute that requires it to do so.

Mandarelli does not challenge the court's "Grade B" or "Category IV" findings. But, he nonetheless makes two arguments challenging its conclusion. First, he points to a different statute, 18 U.S.C. § 3565, entitled "Revocation of probation." That statute, in relevant part, says that if a

"defendant violates a condition of probation," then, "the court may"
> revoke the sentence of probation and impose any other sentence that was available under Subchapter A at the time of the initial sentencing.

18 U.S.C. § 3565. Mandarelli adds that Subchapter A, 18 U.S.C. § 3553(a)(4), (b), describes the Sentencing Guidelines and instructs courts (normally) to impose Guidelines sentences. He says that the Guidelines applicable to his original (felon in possession) crime generated a sentencing range of eight to fourteen months. He concludes that the statute prohibits the court from imposing a sentence of greater than fourteen months.

The fairly obvious flaw in this argument is that the statute to which Mandarelli points is about *probation,* not about *supervised release.* Under the Sentencing Reform Act of 1984, "probation" is an *alternative* to prison; a defendant may *not* be sentenced *both* to probation and "at the same time to a term of imprisonment." 18 U.S.C. § 3561(a). "Supervised release" is "part of" a prison sentence, to be served *after* imprisonment. 18 U.S.C. § 3583(a). The statutes treat the two similarly, but not identically. *Compare* 18 U.S.C. § 3565(a)(2) (maximum sentence for probation violation is maximum for underlying conviction) *with* 18 U.S.C. § 3583(e) (maximum sentence for supervised release violation depends on seriousness of violation, not on underlying conviction). Nothing in the statute books suggests that the "probation," rather than the "supervised release," statute governs this supervised release case.

Mandarelli also points to a sentence in the Guidelines' "Introductory Commentary" to Chapter 7B, which says,
> Because these policy statements focus on the violation of the court-ordered supervision, this chapter, to the extent permitted by law, treats violations of the conditions of probation and supervised release as functionally equivalent.

He argues that this sentence means the Guidelines policy statements automatically make applicable to supervised release the

statutes that govern probation. We do not see how this could be so. For one thing, the quoted language purports to be a general description about the Guidelines that follow. It does not purport to supersede those following Guidelines; nor does it guarantee that, in every lawful respect, the Guidelines will treat probation violations and supervised release violations identically. For another thing, it contains a qualification, namely, "to the extent permitted by law," and, as we have just seen, the statutes treat violations of the two separately. Finally, the sentence appears in "commentary," i.e., Commission language that advises courts how to interpret or to apply the Guidelines themselves. *See, e.g., United States v. Fiore*, 983 F.2d 1, 2 (1st Cir.1992). Such language does not control the courts' subsequent actions to the same degree as do the Guidelines themselves, or as do the Guidelines "policy statements" that, as here, are statutorily vested with legal authority. Thus, were there a conflict between the introductory commentary and the Guidelines (policy statements) themselves, the latter, not the former, would govern.

We note a final, non-legal, argument that Mandarelli makes. He points out that, normally, supervised release will be imposed after fairly long prison terms; hence, the statutory and Guidelines rules will not ordinarily give courts the power to impose longer prison terms for supervised release violations than for the original crime itself. His case (where the supervised release term is longer than his initial prison term), he says, is an anomaly.

We are not certain about the extent to which Mandarelli's case is anomalous. The court apparently sentenced him to a top-of-the-range eighteen months because it believed his conduct while on supervised release, as revealed by the Presentence Report, showed he "was on the way to a course of conduct that ultimately would have had much more serious [criminal] consequences." Regardless, the Sentencing Commission, not this court, would seem the appropriate body to determine whether any anomaly exists and whether, or how, it might be corrected.

The judgment of the district court is

*Affirmed.*

## APPENDIX: SENTENCING GUIDELINES EXCERPTS
## PART B—PROBATION AND SUPERVISED RELEASE VIOLATIONS
### *Introductory Commentary*

. . .

*Because these policy statements focus on the violation of the court-ordered supervision, this chapter, to the extent permitted by law, treats violations of the conditions of probation and supervised release as functionally equivalent.*

. . .

§ 7B1.1  **Classification of Violations** (Policy Statement)

    (a) There are three grades of probation and supervised release violations:

        (1) Grade A Violations—conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;

        (2) Grade B Violations—conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;

        (3) Grade C Violations—conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

    (b) Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the

grade of the violation is determined by the violation having the most serious grade.

**§ 7B1.3    Revocation of Probation or Supervised Release (Policy Statement)**

(a) (1)  Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release.

. . .

**§ 7B1.4    Term of Imprisonment (Policy Statement)**

(a)  The range of imprisonment applicable upon revocation is set forth in the following table:

**Revocation Table**
**(in months of imprisonment)**

**Criminal History Category***

| Grade of Violation | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|
| Grade C | 3–9 | 4–10 | 5–11 | 6–12 | 7–13 | 8–14 |
| Grade B | 4–10 | 6–12 | 8–14 | 12–18 | 18–24 | 21–27 |