**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Reginald Andre ROBINSON,**
**Defendant–Appellant.**

**No. 95–6042.**

United States Court of Appeals,
Tenth Circuit.

Aug. 14, 1995.

Patrick M. Ryan, U.S. Atty., and Jim Robinson, Asst. U.S. Atty., Oklahoma City, OK, and Deborah Watson, Atty., Dept. of Justice, Washington, DC, for plaintiff-appellee.

---

June E. Tyhurst, Asst. Federal Public Defender, Oklahoma City, OK, for defendant-appellant.

Before BALDOCK, HOLLOWAY, and BRORBY, Circuit Judges.

HOLLOWAY, Circuit Judge.

This direct appeal challenges an order of the district judge revoking supervised release and imposing a sentence of 12 months' imprisonment under 18 U.S.C. § 3583. The defendant-appellant argues that because he had served the maximum five-year prison term provided in the statute under which he was convicted, 18 U.S.C. § 924(c), the judge had no authority to impose the additional sentence for imprisonment under the supervised release statute. A timely appeal was taken from the order of the district court.[1]

I

The order in question was entered as the ruling on a motion to dismiss a petition on supervised release. The petition was filed on August 20, 1993, by the United States Probation Office, which alleged that defendant had violated the conditions of his supervised release. In September 1988 defendant had entered a guilty plea to one count of an indictment which charged him with violating 18 U.S.C. § 924(c), carrying a firearm during a drug trafficking offense. In the district court the government dismissed the other four counts of the indictment, and defendant was sentenced to five years' imprisonment as the statute provided and three years' supervised release to commence on defendant's release from imprisonment.

After defendant's release from federal custody in 1993 when he completed serving his sentence on the underlying firearms offense, defendant returned to the Western District of Oklahoma. He had been sentenced there and had commenced the period of supervised release in that district. A petition on supervised release was filed in August 1993 by the United States Probation Office. The petition alleged violation of defendant's conditions of supervised release. It stated, *inter alia,* that defendant had left the Western District of Oklahoma without permission; that he was arrested in August 1993 by Los Angeles, California, police officers in Compton, California, and charged with being a felon in possession of a firearm; and that he was convicted and sentenced to imprisonment in California. After serving part of that California sentence, defendant was placed on state parole status.

Defendant was taken into custody in October 1994 by federal officers on the petition on supervised release and a federal warrant. On November 9, 1994, defendant moved in the court below to dismiss the petition on supervised release. He argued, as he does on appeal, that because he had served the maximum sentence (five years) provided by 18 U.S.C. § 924(c), the judge had no authority to impose an additional term of imprisonment under 18 U.S.C. § 3583. The district judge disagreed, holding that pursuant to § 3583 a court is authorized to revoke supervised release; that such a result follows from the statute's language; and that *United States v. Purvis,* 940 F.2d 1276 (9th Cir. 1991); *United States v. Wright,* 2 F.3d 175, 180 (6th Cir.1993); *United States v. Jamison,* 934 F.2d 371, 373–75 (D.C.Cir.1991); and *United States v. Hoffman,* 733 F.Supp. 314, 315–16 (D.Alaska 1990), support her ruling.

On this reasoning the motion to dismiss the petition for supervised release was denied. At a hearing on January 24, 1995, below, defendant appeared personally and with his counsel, the Assistant Federal Public Defender. He stipulated to the facts alleged in the petition on supervised release. After being satisfied that the stipulation was knowingly and voluntarily entered, the judge found that defendant had violated the terms of his supervised release as alleged. After hearing from all counsel and defendant personally, the judge imposed a term of 12

---

1. The defendant-appellant has requested oral argument; the government's brief states that argument is not necessary. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

months' incarceration for the violations of supervised release, providing that defendant should be credited with time already served in federal custody awaiting decision on the supervised release proceeding since October 11, 1994. From this order, defendant appeals.

## II

The arguments before us concern a single legal ruling of statutory interpretation below, which we review *de novo*. *United States v. Rockwell*, 984 F.2d 1112, 1114 (10th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 2945, 124 L.Ed.2d 693 (1993).

The defendant argues that additional imprisonment in these circumstances is not supported by the text or the legislative history of the supervised release statute, 18 U.S.C. § 3583. He says that the order here conflicts with the statute of conviction—18 U.S.C. § 924(c)—which limits incarceration to five years; that there is no clear and unambiguous expression of an intent to supersede the maximum imprisonment provided by that statute of conviction. Defendant points out that § 3583 does not require a court to *impose* supervised release in every case; that only if the statute of conviction requires supervised release is the sentencing court required to impose it, citing *United States v. Allen*, 24 F.3d 1180, 1189 (10th Cir.1994).

Defendant reasons that § 3583(a) expressly defers to the statute of conviction when the latter contains more specific requirements than the supervised release statute. Defendant maintains that § 924(c) takes precedence over the more general text of the supervised release statute which provides for discretion to revoke, modify or extend the term of supervised release for violations. Appellant's Brief at 5-6.

The key provisions in the supervised release statute do not support the defendant's position.[2] We feel that the provisions of § 3583(a) are clear and unambiguous in extending to the sentencing judge discretionary authority "as a part of the sentence" to impose the supervised release period requirement. Moreover, the same statute in § 3583(e)(3) unambiguously gives discretion to revoke a term of supervised release and "require the defendant to serve in prison all or part of the term of supervised re-

---

2. The critical statutory provisions appear in 18 U.S.C. § 3583:

(a) In general.—The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, *may* include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court *shall* include as a part of the sentence a requirement that the defendant be placed on a term of supervised release *if such a term is required by statute*. . . .

. . . .

(e) Modification of conditions or revocation.—The court *may,* after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—

. . . .

(3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of super-

vised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case; . . . .

18 U.S.C. § 3583 (emphasis added).

The district court apparently referred to the version of the statute in effect before the 1994 amendments became effective. We see no substantive difference in the language of the above quoted portions of the statute that would impact on the issue submitted, so we refer to the current language. One difference of potential importance has not been discussed by the parties. The 1994 amendments to subsection (g) make it mandatory for supervised release to be revoked and the defendant incarcerated if he possesses a firearm in violation of the conditions of supervised release, as Robinson admittedly did. Because the district court plainly did not rely on that provision, relying on the discretionary power to revoke in subsection (e)(3) instead, we need not consider whether revocation of the term of supervised release imposed as a part of Robinson's original 1988 sentence under this amendment to the statute would pose ex post facto problems.

lease...." We are persuaded by Judge Reinhardt's cogent reasoning interpreting the statute in *United States v. Purvis*, 940 F.2d 1276, 1278 (9th Cir.1991). The district judge here in her persuasive order noted that defendant makes the same argument that *Purvis* rejected, namely that "the *total* imprisonment that may be imposed pursuant to a combination of the initial sentence of imprisonment and a revocation of supervised release may not exceed the statutory maximum...." 940 F.2d at 1278. The Ninth Circuit concluded:

> We hold that § 3583 authorizes the revocation of supervised release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum incarceration permissible under the substantive statute.

*Id.* at 1279 (footnote omitted).

We agree with this interpretation of § 3583, as did the district judge here. We find no deference, which the defendant here does, to the statute of conviction by the supervised release statute in this connection. Instead we feel the supervised release statute unambiguously authorized the imposition of the twelve months of incarceration as ordered here. The contrary interpretation suggested by defendant would impair the deterrent mechanism which we feel was obviously intended by Congress.

Other courts of appeals have reached the same result. In *United States v. Wright*, 2 F.3d 175, 179–80 (6th Cir.1993), the Sixth Circuit also rejected a similar contention made there in opposition to the imposition of a sentence of federal incarceration for violation of the conditions of supervised release. The specific question raised there was stated by the Sixth Circuit to have been

> whether the district court abused its discretion by sentencing defendant to a period of 36 months incarceration for the supervised release violation, when defendant had already served 36 months incarceration on his original sentence and the total of the two sentences imposed allegedly

exceeds the maximum penalty for the underlying offense, five years.

*Id.* at 176.

The court rejected the defendant's contention. It first pointed out that because the defendant there had pled guilty to three counts, "under the applicable statutes, defendant could have received a maximum of eleven years, not five years as he contends...." *Id.* at 179. Then the court stated this alternative ground for affirming:

> Moreover, even assuming arguendo that the 36–month sentence for the violation of supervised release when combined with the 30–month incarceration on the underlying offense did violate the statutory maximum, the sentence imposed by the district court for the violation of supervised release would still be proper. First, a different statute, 18 U.S.C. § 3583, authorizes imposition of a term of supervised release in addition to the maximum term of imprisonment provided for in prohibiting the underlying offense. *See United States v. Montenegro–Rojo*, 908 F.2d 425, 432–33 (9th Cir.1990)....
>
> ....
>
> Accordingly, it is possible for a defendant to be sentenced and serve the statutory maximum term of imprisonment for the offense and after his release from prison to be subject to further imprisonment if he violates the terms of his supervised release. Therefore, the sentence imposed by the district court for the violation of supervised release is not an abuse of discretion, even if when combined with defendant's original sentence it exceeded the statutory maximum for the underlying offense.

2 F.3d at 179–80. *Accord United States v. Celestine*, 905 F.2d 59, 60 (5th Cir.1990); *United States v. Hoffman*, 733 F.Supp. 314, 315–16 (D.Alaska 1990).

Similarly, in several appeals from original sentences courts have upheld the imposition of a term of supervised release in addition to a term of imprisonment over the objection that the potential for a period of imprisonment in excess of the statutory maximum was legally invalid, thus explicitly or implicitly endorsing the conclusion we reach here.

*E.g., United States v. Jenkins,* 42 F.3d 1370 (11th Cir.1995); *United States v. Watkins,* 14 F.3d 414, 415 (8th Cir.1994); *United States v. Jamison,* 934 F.2d 371, 372–75 (D.C.Cir. 1991); *United States v. Montenegro–Rojo,* 908 F.2d 425, 431–34 (9th Cir.1990); *United States v. Butler,* 895 F.2d 1016, 1017–18 (5th Cir.1989) *cert. denied,* 498 U.S. 826, 111 S.Ct. 82, 112 L.Ed.2d 54 (1990). Further, based on the same reasoning that supervised release is a separate part of the original sentence, several courts have held that on revocation of supervised release, the length of time for which a defendant may be incarcerated pursuant to § 3583 is not limited by the maximum guideline range applicable to his original sentence. *United States v. Mandarelli,* 982 F.2d 11 (1st Cir.1992) (per Breyer, then C.J.); *United States v. Smeathers,* 930 F.2d 18, 19 (8th Cir.1991); *United States v. Stephenson,* 928 F.2d 728, 730–31 (6th Cir. 1991) ("The possibility of reincarceration for violation of a condition of supervised release is a cornerstone of the sentencing structure."); *United States v. Dillard,* 910 F.2d 461, 466–67 (7th Cir.1990).

Additionally, in *United States v. Soto–Olivas,* 44 F.3d 788, 790 (9th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 2289, 132 L.Ed.2d 290 (1995), employing the same rationale that supervised release is a separate part of the original punishment, the court held that double jeopardy did not bar a subsequent prosecution for the same conduct which had formed the basis for the revocation of supervised release and imprisonment under § 3583. The court there specifically noted that the nature of Congress' plan for supervised release means that one who, like Robinson, violates the terms of release may be required to serve a total period of imprisonment greater than the maximum provided under the statute of conviction. *Id.*

We are convinced that the interpretation of the statutes by the district judge is clearly correct and accordingly her order is

**AFFIRMED.**