UNITED STATES COURT OF APPEALS
**Filed 5/29/96**
FOR THE TENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 95-2101 |
| | (D.C. No. 94-CR-606-HB) |
| LUCIANO ACUNA-DIAZ, also known as Felipe Casas-Sanchez, | (D. N.M.) |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 95-2134 |
| | (D.C. No. CR 91-426 SC) |
| v. | (D. N.M.) |
| LUCIANO ACUNA-DIAZ, | |
| Defendant-Appellant. | |

ORDER AND JUDGMENT[*]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Defendant Luciano Acuna-Diaz appeals from two orders of the district court, one sentencing him for unlawful reentry into the United States after deportation, No. 95-2101, and the other revoking supervised release imposed in an earlier conviction, No. 95-2134. We have consolidated the two appeals and we now affirm.

In 1991, Mr. Acuna-Diaz was charged with illegal reentry into the United States after deportation. He pled guilty and was sentenced to twelve months' incarceration followed by three years' supervised release. He was deported to Mexico after serving the twelve-month sentence. In 1994, while still on supervised release, he was arrested again for illegal reentry after deportation. He pled guilty and was sentenced to forty-six months' incarceration. Subsequently, supervised release was revoked and Mr. Acuna-Diaz was sentenced to ten months' incarceration to be served consecutively to the forty-six month sentence.

No. 95-2101

In this appeal, Mr. Acuna-Diaz challenges the length of the sentence imposed in his 1994 conviction. He argues the forty-six month sentence violates the Eighth Amendment as grossly disproportionate to the crime and excessively punitive.

2

We review Mr. Acuna-Diaz' constitutional challenges de novo.  United States v. Angulo-Lopez, 7 F.3d 1506, 1508 (10th Cir. 1993), cert. denied, 114 S. Ct. 1563 (1994), superseded on other grounds by regulation, United States v. Kissick, 69 F.3d 1048 (10th Cir. 1995).

The Supreme Court has held that "the Eighth Amendment contains no proportionality guarantee."  Harmelin v. Michigan, 501 U.S. 957, 965 (1991).  Further, any sentence which falls within the prescribed statutory limits will not be found to be cruel and unusual punishment.  United States v. Youngpeter, 986 F.2d 349, 355 (10th Cir. 1993).  The statute under which Mr. Acuna-Diaz was convicted provides for a sentence of not more than ten years.  8 U.S.C. § 1326(b)(1).  Mr. Acuna-Diaz's sentence is within the statutory limits and is not cruel and unusual.

No. 95-2134

In No. 95-2134, Mr. Acuna-Diaz appeals the ten-month sentence imposed upon revocation of his supervised release.  He argues that ordering the sentence be served consecutively violates due process by punishing him twice for the same conduct.  He contends the forty-six month sentence was enhanced by nine months because he reentered illegally while on supervised release.  He concludes that because there is a complete overlap of crimes, the district court should have run the sentences concurrently.

Mr. Acuna-Diaz's due process argument is unclear. He states his claim is "technically a double jeopardy claim," but asserts the "essence" of his claim is an appeal to the due

3

process "concepts of fundamental fairness." Appellant's Br. at 9. We have "noted that where constitutional protection is afforded under specific constitutional provisions, alleged violations . . . should be analyzed under those provisions and not under the more generalized provisions of substantive due process." Riddle v. Mondragon, No. 93-2225, 1996 WL 206944, at *2 (10th Cir. Apr. 29, 1996). Therefore, we address this claim as one alleging violations of the Fifth Amendment prohibition against double jeopardy. We review this argument de novo. United States v. Raymer, 941 F.2d 1031, 1037 (10th Cir. 1991).

The Ninth Circuit addressed this issue in United States v. Soto-Olivas, 44 F.3d 788 (9th Cir.), cert. denied, 115 S. Ct. 2289 (1995). The defendant reentered the United States illegally in violation of the terms of his supervised release. Supervised release was revoked and he was sentenced to seven months' imprisonment. The defendant was then convicted of illegal reentry into the United States. The court rejected the defendant's double jeopardy argument and held that "supervised release, although imposed in addition to the period of incarceration, is 'a part of the sentence,'" imposed in the original crime. Id. at 790 (quoting 18 U.S.C. § 3583(a)). Because supervised release is a part of the "punishment for the original crime, and it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of his release," id. (quotation omitted), no double jeopardy violation occurred when the defendant was later convicted of the crime of illegal

reentry. The court stated that it is "clear that punishment imposed upon revocation of supervised release is punishment for the original crime, not punishment for the conduct leading to revocation." Id. at 791 (citing United States v. Clark, 984 F.2d 319 (9th Cir. 1993)).

We adopt the reasoning of the Ninth Circuit. When Mr. Acuna-Diaz violated the terms of his supervised release, he subjected himself to deferred punishment for his 1991 crime of illegal entry into the United States. In considering the sentence to be imposed for that violation, the district court was not punishing Mr. Acuna-Diaz for his 1994 illegal entry. See United States v. Robinson, 62 F.3d 1282, 1286 (10th Cir. 1995)(noting that period of supervised release is "'part of the sentence'" (quoting 18 U.S.C. § 3583(a))); see also United States v. Koonce, 885 F.2d 720, 721-22 (10th Cir. 1989)(holding that a sentence enhancement based on criminal activity which is later prosecuted separately does not violate the double jeopardy clause), cert. denied, 503 U.S. 994 and 503 U.S. 998 (1992). The Double Jeopardy Clause was not violated when the district court imposed a separate ten month sentence for Mr. Acuna-Diaz's violation of the terms of his supervised release.

Having determined that the imposition of separate sentences does not violate the Double Jeopardy Clause in these circumstances, we review the district court's decision to impose the sentences consecutively for an abuse of discretion. United States v. Gonzales, 65 F.3d 814, 819 (10th Cir. 1995), petition for cert. filed, 64 U.S.L.W. 3692 (U.S. Apr. 4, 1996)(No. 95-1605); United States v. Kalady, 941 F.2d 1090, 1097-98 (10th Cir. 1991).

5

The Introductory Commentary to Part B of Chapter 7 of the Sentencing Guidelines states that

> [w]here a defendant is convicted of a criminal charge that also is a basis for the violation, these policy statements do not purport to provide the appropriate sanction for the criminal charge itself. The Commission has concluded that the determination of the appropriate sentence on any new criminal conviction should be a separate determination for the court having jurisdiction over such conviction.

See also id. § 7B1.3(f)(any term of imprisonment imposed when supervised release is revoked shall be served consecutively to any sentence the defendant is currently serving, whether or not the current sentence resulted from conduct which is the basis of the revocation of supervised release); id. Ch. 7, Pt. B Introductory Commentary (Sentencing Commission policy is "that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation"). The district court did not abuse its discretion.

The judgments of the United States District Court for the District of New Mexico are AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

6