United States Court of Appeals,

Eleventh Circuit.

No. 97-2064

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Mark Lavon PROCTOR, Defendant-Appellant.

Nov. 10, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 91-179-CR-ORL-19), Patricia C. Fawsett, Judge.

Before HATCHETT, Chief Judge, and TJOFLAT and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Mark Proctor challenges the district court's imposition of a one-year sentence of imprisonment for violation of the conditions of his supervised release. Proctor argues that because he had already served the maximum statutory penalty for his underlying conviction under 18 U.S.C. § 924(c), the district court lacked authority to impose the additional one-year prison term. We affirm.[*]

BACKGROUND

In November 1991, Proctor pleaded guilty to one count of using or carrying a firearm in relation to a drug trafficking crime, in violation of section 924(c). The district court sentenced Proctor to serve the statutory penalty of five years of imprisonment and then a three-year term of

---

[*]Proctor raises a second claim of error that actually broaches two issues, both of which we find meritless. Proctor contends that his plea agreement was defective because it "did not inform [him] that he was subjected to any incarcerative punishment in excess of five years." Proctor failed to raise this issue in the district court, and thus he cannot present it now on appeal. United States v. Thomas, 987 F.2d 697, 705-06 (11th Cir.1993). Proctor also puts in issue "whether [he] had knowledge, at the time he pled guilty, that he could receive more than five years in prison upon a violation of his supervised release." At sentencing, however, Proctor admitted that "when the court does inform the defendant at a plea, I know the court informs the defendant of the statutory maximum as well as supervised release, as well as the fact [that] upon revocation of supervised release, you can be sent back to prison for an additional period of time. I am not faulting this court's notice."

supervised release. Proctor did not challenge his conviction or sentence on direct appeal. Subsequent to the completion of his prison term and after the supervised release period had commenced, the government charged Proctor with violating the conditions of his supervised release. After conducting a revocation hearing, the magistrate judge filed a report recommending that the district court revoke Proctor's supervised release term. The magistrate judge found that Proctor (1) had been "unfavorably discharged" from a substance abuse treatment program in May 1996 due to excessive absences, and (2) had tested positive for cocaine usage on three separate occasions in April 1996. Proctor failed to appear at his ensuing revocation of probation hearing, at which time the district court adopted the magistrate judge's report and issued a bench warrant for his arrest. Thereafter, Proctor appeared before the district court for sentencing and received a one-year prison term. Proctor appeals the court's imposition of that sentence.

## DISCUSSION

Proctor challenges the imposition of his sentence on legal grounds; thus, we employ the *de novo* standard of review. *United States v. Beach,* 113 F.3d 188, 189 (11th Cir.1997).

Proctor argues that the district court erred because the one-year sentence it imposed upon revocation of his supervised release, when added to the five-year prison term he had already served, exceeded the statutory penalty of five years imprisonment. Accordingly, Proctor requests that this court remand to the district court so that it may sentence him to a "total incarcerative sentence for both the substantive offense and the supervised release violation [that] does not exceed five years." We reject Proctor's argument, and, in so doing, align ourselves with the holdings of several of our sister circuits. *See, e.g., United States v. Colt,* No. 96-3577, --- F.3d ----, ---- (7th Cir. Oct. 2, 1997); *United States v. Robinson,* 62 F.3d 1282, 1284-86 (10th Cir.1995); *United States v. Wright,* 2 F.3d 175, 180 (6th Cir.1993) ("[I]t is possible for a defendant to be sentenced and serve the statutory maximum term of imprisonment for the offense and after his release from prison to be subject to further imprisonment if he violates the terms of his supervised release."); *United States v. Purvis,* 940 F.2d 1276, 1279 (9th Cir.1991) ("We hold that § 3583 authorizes the revocation of supervised

2

release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum incarceration permissible under the substantive statute.").

As Proctor concedes, *United States v. Robinson,* 62 F.3d 1282 (10th Cir.1995), is directly on point. Like Proctor, Robinson pleaded guilty to a single violation of section 924(c); received a five-year sentence of imprisonment as well as a three-year term of supervised release; and subsequently received an additional one-year sentence of imprisonment for violating the terms of his supervised release. 62 F.3d at 1283-84. Also like Proctor, Robinson argued that "because he had served the maximum five-year prison term provided in the statute under which he was convicted, 18 U.S.C. § 924(c), the judge had no authority to impose the additional sentence for imprisonment under the supervised release statute." 62 F.3d at 1283.

We agree with the Tenth Circuit that "[t]he key provisions in the supervised release statute do not support the defendant's position." 62 F.3d at 1284. The relevant portion of the statute reads:

(a) In general.—The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute....

....

(e) Modification of conditions or revocation.—The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)—

....

(3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case....

3

18 U.S.C.A. § 3583(a), (e)(3) (West 1997).  Once a defendant, "as a part of the sentence," is "placed on a term of supervised release after imprisonment," the statute unambiguously grants the district court discretion in certain circumstances to revoke the term of supervised release and "require the defendant to serve in prison all or part of the term of supervised release."  Thus, we do not hesitate in concluding that the district court had the authority to sentence Proctor to a one-year prison term for the breach of the terms of his supervised release even though he had already served the maximum statutory prison term.  *Cf. United States v. Jenkins,* 42 F.3d 1370, 1371 (11th Cir.1995) ("We hold that the district court did not err in ordering supervised release under 18 U.S.C. § 3583(a) in addition to the maximum term of imprisonment available by statute.");  *United States v. West,* 898 F.2d 1493, 1504 (11th Cir.1990) ("We conclude that Congress intended a defendant's term of supervised release to be "a separate part' of, or in addition to, his term of imprisonment."), *cert. denied,* 498 U.S. 1030, 111 S.Ct. 685, 112 L.Ed.2d 676 (1991).  "The contrary interpretation suggested by defendant would impair the deterrent mechanism which we feel was obviously intended by Congress." *Robinson,* 62 F.3d at 1285.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.