**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HOSKIE WALTER, SR.,

Defendant - Appellant.

No. 06-2318

(D. New Mexico)

(D.C. Nos. CIV-06-404 LH/LCS
and CR-03-2073 LH)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Hoskie Walter, Sr., pleaded guilty in the United States District Court for the District of New Mexico to one count of abusive sexual contact in Indian Country. *See* 18 U.S.C. §§ 1153, 2244(a)(1). The district court sentenced him to 97 months' imprisonment followed by three years' supervised release. His plea agreement contained a waiver of his right to appeal, and he appealed neither his conviction nor his sentence. Instead he filed a motion under 28 U.S.C. § 2255, which, as far as we can discern, sought to vacate his term of supervised release because it was not permitted by the statute of conviction, violated the constitutional protection against double jeopardy, and violated what he calls the "Severance Clause of the United States Constitution." Pet'r Mem. of Law in Supp. of His § 2255 at 1, *Walter v. United States*, No. 06-404, (D.N.M. July 3,

2006).  The Magistrate Judge's Proposed Findings and Recommended Disposition, which was adopted by the district court, recommended that the motion be denied because (1) Mr. Walter had not raised these issues on direct appeal, *see United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (a defendant cannot raise issues in a § 2255 motion that he has failed to present on direct appeal), and (2) he could not escape the procedural bar because he had not demonstrated good cause for his procedural default and had not suffered actual prejudice since his contentions had no merit.  The district court denied his request for a certificate of appealability (COA) to appeal the district court's denial of his motion, and he now applies to this court for a COA.  *See* 28 U.S.C. § 2253(c)(1) (requiring COA).  We deny a COA and dismiss the appeal.

A movant seeking a COA must make a "substantial showing of the denial of a constitutional right."  § 2253(c)(2).  Such a demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Mr. Walter has not met this standard.

The magistrate judge's analysis of the merits of Mr. Walter's contentions cannot reasonably be disputed.  Addressing first Mr. Walter's contention that there was no statutory authority for supervised release, we acknowledge that the

statute under which he was convicted does not mention supervised release. *See* 18 U.S.C. § 2244(a)(1). Another statute, however, 18 U.S.C. § 3583(a), explicitly allows the court to "include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." *See also United States v. Robinson*, 62 F.3d 1282, 1285 (10th Cir. 1995). As to Mr. Walter's double-jeopardy argument, the supervised-release term was not a multiple punishment but a congressionally authorized part of his original sentence. *See* § 3583(a). Finally, no one other than Mr. Walter appears to be familiar with a "Severance Clause" in our Constitution. Some of his pleadings suggest that he may be referring to separation-of-powers doctrine; but we fail to see any threat to that doctrine in the imposition of a term of supervised release.

Because Mr. Walter's contentions clearly lack merit, we need not concern ourselves with whether they are procedurally barred. We DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge
