FILED
United States Court of Appeals
Tenth Circuit

October 1, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE FRANCISCO DIAZ,

    Defendant - Appellant.

No. 09-2080
(D. N.M.)
(D.Ct. Nos. 1:08-CV-00344-MV-LFG
& 1:03-CR-02112-MV-7)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY
& DISMISSING APPEAL**

---

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

---

Jose Francisco Diaz, a federal prisoner appearing pro se,[1] seeks a certificate

of appealability (COA) to appeal from the district court's denial of his motion to

vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. Because

he has not "made a substantial showing of the denial of a constitutional right," 28

U.S.C. § 2253 (c)(2), we deny a COA.

## I. BACKGROUND

Diaz was convicted by a jury of conspiracy to possess with intent to

---

[1] We construe pro se pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318
F.3d 1183, 1187 (10th Cir. 2003).

distribute 1,000 kilograms and more of marijuana within 1,000 feet of a school and within 1,000 feet of a truck stop in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, 849 and 860. The probation department prepared a presentence report (PSR). It calculated Diaz's total offense level as 39, which included a 2-level upward adjustment for his role in the offense, *see* USSG §3B1.1(c), and a 2-level upward adjustment for the use of a minor, *see* USSG §3B1.4.[2] It also determined Diaz had three criminal history points, resulting in a Criminal History Category of II. Based on an offense level of 39 and a Criminal History Category of II, Diaz's advisory guideline range was 292 to 365 months.

Diaz objected to the PSR. He argued the evidence at trial did not support the role in the offense adjustment nor the adjustment for the use of a minor. He also sought a downward variance of four levels to 120 months (the mandatory minimum) under 18 U.S.C. § 3553(a) based on the disparity of sentences which would otherwise result between himself and his codefendants, in particular, the leader of the conspiracy.

The district court held two sentencing hearings. At the first hearing, the court sustained Diaz's objections to the two adjustments. This reduced Diaz's base offense level to 35, resulting in an advisory guideline range of 188 to 235 months. Concerned, however, that Diaz still faced a minimum sentence of 188

---

[2] Because Diaz was sentenced pursuant to the 2004 edition of the United States Sentencing Guidelines Manual, all guideline citations refer to the 2004 edition.

months while the leader of the conspiracy was sentenced to 240 months, the court took a recess. During the recess, the probation department suggested Criminal History Category II may substantially overrepresent the seriousness of Diaz's criminal history. *See* USSG §4A1.3. The court determined this was an issue worthy of further briefing. Accordingly, it continued sentencing to allow the government an opportunity to respond. At the second hearing, over the government's objection, the court concluded Criminal History Category II substantially overrepresented the seriousness of Diaz's criminal history. It noted Diaz "had three minor misdemeanor convictions close to ten years prior to the instant offense, and no other evidence of prior criminal behavior in the intervening period." (R. Vol. I at 114.) Thus, the court reduced his Criminal History Category to I under USSG §4A1.3. Based on an offense level of 31 and a Criminal History Category of I, the advisory guideline range was 168 to 210 months. The court sentenced Diaz to 168 months imprisonment. It also imposed a 120-month term of supervised release. We affirmed Diaz's conviction and sentence on direct appeal. *See United States v. Diaz*, 213 Fed. Appx. 647 (10th Cir. 2007) (unpublished).

Diaz filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, alleging he received ineffective assistance of counsel at sentencing based on counsel's failure to (1) argue he was eligible for safety valve relief after the district court reduced his criminal history category under USSG §4A1.3(b); (2)

move for a reduction in his sentence under the factors set forth in 18 U.S.C. § 3553(a); (3) allege Criminal History Category II substantially overrepresented the seriousness of his criminal history under USSG §4A1.3(b); and (4) contend his sentence was illegal because his 168-month sentence and his 120-month term of supervised release exceeded the top of the guideline range (210 months). Diaz separately argued his sentence was illegal because his sentence and supervised release term resulted in a sentence exceeding the top of the advisory guideline range.

The magistrate judge issued a report recommending Diaz's § 2255 motion be denied. He rejected Diaz's ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984). According to the magistrate the reduction in Diaz's Criminal History Category from II to I under USSG §4A1.3(b) did not render him eligible for safety-valve relief. A defendant does not qualify for safety-valve relief if he has more than one criminal history point and the number of criminal history points is determined before application of §4A1.3(b). *See* USSG §5C1.2; *see also United States v. Owensby*, 188 F.3d 1244, 1246 (10th Cir. 1999) (downward departure under §4A1.3(b) "does not alter the original assessment of the defendant's criminal history points"). Because Diaz had three criminal history points prior to the court reducing his criminal history category under USSG § 4A1.3(b), he was not eligible for safety-valve relief and his attorney was not ineffective for failing to raise a meritless argument. The

magistrate judge also determined counsel was not ineffective for failing to move for a reduction in his sentence under the factors set forth in 18 U.S.C. § 3553(a) because counsel had in fact moved for such reduction. As to counsel's failure to allege Criminal History Category II substantially overrepresented the seriousness of Diaz's criminal history under USSG §4A1.3(b), the judge concluded Diaz could not show prejudice as Diaz's criminal history category was reduced under USSG §4A1.3(b). He rejected Diaz's argument that prejudice was presumed. Finally, the magistrate judge said counsel was not ineffective for failing to argue Diaz received an illegal sentence because the argument was futile. Imposition of a supervised release term does not extend a sentence beyond the statutory maximum or otherwise render it illegal. *See United States v. Robinson*, 62 F.3d 1282, 1284-86 (10th Cir. 1995). For this same reason, the magistrate judge rejected Diaz's illegal sentence claim.

Diaz objected to the magistrate judge's report and recommendation. The district court overruled his objections, adopted the magistrate judge's recommendation and denied Diaz's § 2255 motion.[3]

## II. DISCUSSION

---

[3] Diaz did not file a request for a COA with the district court but did file a notice of appeal, which is construed as a request for a COA. Fed. R. App. P. 22(b). The district court did not rule on the COA issue. We deem the district court's failure to issue a COA within thirty days of the filing of the notice of appeal as a denial of the certificate. 10th Cir. R. 22.1(C).

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338.

In his COA application and proposed opening brief, Diaz reiterates his ineffective assistance of counsel and illegal sentence claims.[4] The magistrate judge and district court properly disposed of these claims. Because no jurist of reason could debate the correctness of the district court's decision, we **DENY** his request for a COA and **DISMISS** this nascent appeal. We **DENY** Diaz's motion

---

[4] In his COA application, Diaz argues, without citation to any authority, that our requirement that he file a COA application and an opening brief within forty days or face dismissal of the appeal is discriminatory, illegal and violates his due process rights. "We need not address [such] unsupported, conclusory arguments." *See Ariz. Pub. Serv. Co. v. United States Envtl. Prot. Agency*, 562 F.3d 1116, 1130 (10th Cir. 2009).

to proceed *in forma pauperis* on appeal.  He is directed to remit the full amount of the filing fee.

                **Entered by the Court:**

                **Terrence L. O'Brien**
                United States Circuit Judge