**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 18, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

BRIAN ELDEN OSBORNE,

      Defendant-Appellant.

No. 15-6000
(D.C. No. 5:14-CR-00108-C-1)
(W.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Convicted of conspiracy to manufacture and distribute counterfeit

currency, Mr. Brian Osborne was sentenced to the statutory maximum of

60 months in prison and 3 years of supervised release. After his release

from prison, Mr. Osborne violated the terms of his supervised release. The

district court revoked supervised release and sentenced Mr. Osborne to 8

_____

[*] The parties do not request oral argument, and the Court has
determined that oral argument would not materially aid our consideration
of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we
have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.

months in prison. Mr. Osborne appeals, challenging the validity of the 8-month term.

In this appeal, Mr. Osborne argues that the district court lacked authority to revoke supervised release because he had already served the statutory maximum sentence for the underlying offense. For this argument, Mr. Osborne concedes that (1) the plain-error standard governs and (2) we have previously rejected his argument in a published opinion. We agree with both concessions, which prevent us from reversing under the plain-error standard. Thus, we affirm.

## I.     Standard of Review

Mr. Osborne forfeited his present argument by failing to raise it before the district court. In light of this forfeiture, Mr. Osborne concedes that we must apply the plain-error standard. We agree. *Richison v. Ernest Group, Inc.,* 634 F.3d 1123, 1127-1128 (10th Cir. 2011). Under this standard, we can reverse only if the district court (1) made an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) seriously affects the fairness and integrity of judicial proceedings. *United States v. Edwards*, 782 F.3d 554, 562 (10th Cir. 2015).

## II.     Plain Error

According to Mr. Osborne, the district court erred in imposing a sentence for violating the terms of his supervised release because he has already served the statutory maximum sentence for his underlying offense. There was no error, much less a plain error.

Mr. Osborne concedes that we rejected the same argument in *United States v. Robinson*, 62 F.3d 1282, 1286 (10th Cir. 1995). Under *Robinson*, additional prison time is authorized even when the total time served would exceed the statutory maximum for the underlying offense. *Robinson*, 62 F.3d at 1286.

Because Mr. Osborne violated the terms of his supervised release, the district court did not err in sentencing him to prison time beyond the statutory maximum for the underlying offense. In the absence of any error, we must affirm under the plain-error standard.

Entered for the Court

Robert E. Bacharach
Circuit Judge

3