[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 06-12027
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00413-CR-T-24-EAJ

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

RAUL CAMACHO-BENITEZ,

                                        Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------

**(March 15, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

        Defendant-Appellant Raul Camacho-Benitez appeals his 135-month

sentence imposed after he pled guilty to (1) possession with intent to distribute

five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction

of the United States, in violation of 46 App. U.S.C. § 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii).  No reversible error has been shown; we affirm.

Camacho-Benitez first argues that the district court erred in denying him a minor role reduction, U.S.S.G. § 3B1.2(b).  He asserts that he was less culpable than the other persons found on the boat (which was carrying 5,443 kilograms of cocaine) because he was "merely a crew member" who played a smaller role in the smuggling operation than the boat's captain or drug representative.

We review for clear error the district court's determinations about a defendant's role in an offense.  United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002).  The burden is on the defendant to establish his role by a preponderance of evidence.  Id.  Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less culpable than most other participants, although his role could not be described as minimal."  Id.  Sentencing courts should consider two elements when determining a defendant's role in an offense: "first, the defendant's role in the relevant conduct

for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).

The district court committed no clear error in determining that Camacho-Benitez's role in the offense was more than minor. About the first element, Camacho-Benitez's sentence was based only on the relevant conduct for which he was held accountable at sentencing: 5,443 kilograms of cocaine seized from the boat on which he was found. In the drug courier context, a large amount of drugs is an important factor in determining the availability of a minor role adjustment. Id. at 943 ("[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct. . . . [W]e do not foreclose the possibility that amount of drugs may be dispositive . . . ."). About the second element, Camacho-Benitez was one of only nine crew members on the boat, which was carrying over five tons of cocaine. He has failed to show that he "was less culpable than most other participants in [his] relevant conduct." Id. at 944. We see no clear error in the district court's refusal to apply a minor role reduction in this case.

Camacho-Benitez next argues that his sentence was unreasonable under the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). He

3

contends that, in determining his sentence, the district court should have considered that he lives in poverty, struggles to support his wife and children, and was displaced from his home in Colombia by armed guerillas. Camacho-Benitez also asserts that the district court failed to consider sufficiently the need to avoid unwarranted sentencing disparities with his co-defendants who received shorter sentences and with a co-defendant who brought a firearm on the boat but received the same sentence as Camacho-Benitez. He contends that the district court should have considered the "victimless nature of [his] offense."

Camacho-Benitez was sentenced after the Supreme Court issued its decision in Booker; so we review his sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Camacho-Benitez's sentence was reasonable. The district court correctly calculated his Guidelines imprisonment range as 135 to 168

4

months; and the court sentenced Camacho-Benitez to the lowest point of that range.[1]  See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").

In addition, in sentencing Camacho-Benitez, the district court noted his advisory Guidelines range and the section 3553(a) factors, commenting in particular on the large amount of drugs involved in this case.  The district court also explained that the sentence imposed was not greater than necessary to comply with the statutory purposes of sentencing.  The district court judge was not required to discuss all of the section 3553(a) factors at the sentencing hearing.  See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors").  And nothing in the record convinces us that Camacho-Benitez's sentence was unreasonable in the light of the section 3553(a) factors.[2]

---

[1] Except for disputing the district court's decision not to apply a minor role reduction to his sentence, Camacho-Benitez does not challenge the district court's calculation of his Guidelines range.

[2] The government argues that Camacho-Benitez's failure to request a sentence below his applicable Guidelines range, raise an objection in district court to the reasonableness of his sentence,

AFFIRMED.

---

or argue that the district court did not consider sufficiently the section 3553(a) factors, indicates that, instead of reviewing his sentence for reasonableness, we should review Camacho-Benitez's challenge on appeal to the reasonableness of his sentence only for plain error. We need not decide this issue because, for the reasons discussed, Camacho-Benitez's claim that his sentence was unreasonable fails under either standard of review.