[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 19, 2007
THOMAS K. KAHN
CLERK

--------------------------------------
No. 06-13509
Non-Argument Calendar
--------------------------------------

D.C. Docket No. 00-00124-CR-CB-002

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLETHA CLEMONS,

Defendant-Appellant.

-------------------------------------------------
Appeal from the United States District Court
for the Southern District of Alabama
-------------------------------------------------

**(April 19, 2007)**

Before EDMONDSON, Chief Judge, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Defendant-Appellant Oletha Clemons appeals her 24-month sentence imposed upon the revocation of her supervised release. No reversible error has been shown; we affirm.

In October 2000, Clemons pleaded guilty to conspiracy to possess stolen mail and to commit bank fraud, in violation of 18 U.S.C. § 371. Clemons was sentenced to 24 months imprisonment to be followed by three years' supervised release. Clemons first violated the terms of her supervised release in October 2004, when she was arrested and charged with second degree theft of property. After a mental health assessment, the district court allowed Clemons to continue on supervised release but ordered that she attend individual counseling sessions and a four-week "Crime of Theft" course.

Again in May 2005 Clemons violated the terms of her supervised release, when she was arrested and charged with three counts of theft of property. At the conclusion of the revocation hearing, the district court modified Clemons's conditions of supervised release: she was placed on six months' home confinement with electronic monitoring so that she could continue her employment and care for her children. The district court advised Clemons expressly that two years' imprisonment would be imposed if she again violated the terms of her supervised release.

On 12 April 2006, the probation office filed for revocation of Clemons's supervised release after Clemons was arrested and charged with credit card fraud, possession of stolen property, and failure to accompany a police officer. At a

hearing held on 6 July 2006, Clemons executed a waiver admitting the facts of the supervised release violation. The district court sentenced Clemons to the maximum imprisonment -- 24 months -- under an advisory guideline range of 21 to 24 months' imprisonment. Clemons objected that she should be credited for the time that she had spent in home confinement.

Clemons raises two issues on appeal: (i) whether the sentence imposed was reasonable in the light of the district court's failure to mention the 18 U.S.C. § 3553(a) factors; and (ii) whether the sentence imposed violated 18 U.S.C. § 3583(e)(3) because it exceeded the maximum of 24 months' imprisonment when combined with the home confinement already served.

About the first issue, the record indicates that the district court considered the section 3553 (a) factors albeit without referencing those factors expressly. The district court's sentence was predicated on Clemons's personal history and characteristics, her risk to the public, the advisory guideline range, and her repeated violations of supervised release and the consequent need for deterrence. These considerations evidence the district court's compliance with section 3553(a). See 18 U.S.C. § 3553(a)(1), (2)(B)-(C), 4(B). No requirement exists that the district court "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott,

426 F.3d 1324, 1329 (11th Cir. 2005). Clemons's claim of unreasonableness based on a failure to consider the section 3553(a) factors is without merit.*

About the second issue, we doubt that home confinement is the equivalent of imprisonment, which Clemons must show to establish that the statutory maximum imprisonment under section 3583(e)(3) was exceeded. Precedent in the context of 18 U.S.C. § 3585(b) -- which addresses credit for presentence confinement -- rejects characterizing pretrial home confinement as "official detention" for purposes of awarding sentencing credit under section 3585. See Rodriguez v. Lamar, 60 F.3d 745, 748 (11th Cir. 1995). And we have said that "release stipulations or imposed conditions that do not subject a person to full physical incarceration do not qualify as official detention." Dawson v. Scott, 50 F.3d 884, 888 (11th Cir. 1995).

Under section 3583(e), the district court is authorized to impose home confinement "as an alternative to incarceration." 18 U.S.C. § 3583(e)(4). The district court exercised its section 3583(e)(4) authority when it modified Clemons's supervised release instead of revoking it in 2005. When Clemons again violated

---

*The government argues that plain error review applies to Clemons's section 3553(a) claim because she made no objection at sentencing based on the district court's failure to consider the 3553(a) factors or on the reasonableness of the sentence imposed. Because Clemons's claim fails even under preserved error review, we need not now resolve the applicable standard of review.

4

the terms of her supervised release in 2006, the court had authority to revoke Clemons's modified supervised release and to impose a term of imprisonment. 18 U.S.C. § 3583(e)(3). A sentence of imprisonment may be imposed upon revocation of supervised release even where the statutory maximum term of imprisonment for an offense already has been served; and when supervised release is revoked, the defendant may be required to "serve in prison" the term of supervised release "without credit for time previously served on postrelease supervision." Id.; see United States v. Proctor, 127 F.3d 1311, 1313 (11th Cir. 1997). In the light of section 3583(e)(3)'s clear direction that no credit be awarded for postrelease supervision, we see no merit in Clemons's claim that the statutory maximum under that section was exceeded.

AFFIRMED.