[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2007
THOMAS K. KAHN
CLERK

No. 07-11740
Non-Argument Calendar

_____

D. C. Docket No. 06-00510-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALFREDO OCHOA-GARCIA,
a.k.a. Sergio Reyes Martinez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 26, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Jose Alfredo Ochoa-Garcia appeals his 24-month sentence, which was imposed after he plead guilty to unlawful reentry into the United States, a violation of 8 U.S.C. § 1326(a). Ochoa-Garcia's 24-month term fell in the middle of the 21-to-27-month advisory Guidelines range. On appeal, Ochoa-Rodriguez argues that the district court imposed an unreasonable sentence because the court did not specifically address, pursuant to 18 U.S.C. § 3553(a), the following mitigating sentencing factors, on which he presented testimony at the sentencing hearing: (1) although Ochoa-Rodriguez had prior convictions in the United States, he did not commit any new criminal conduct upon returning to the United States after deportation; and (2) he had the support of his local community. He also contends that other mitigating factors were mentioned in the Presentence Investigation Report ("PSI"), but not considered by the district court, including that he suffered from epilepsy, has worked his entire adult life, and cares for his young daughter. After careful review, we affirm.

The relevant facts are these. On December 12, 2006, Ochoa-Garcia was charged with unlawful reentry into the United States, in violation of 8 U.S.C. § 1326(a). He pled guilty and proceeded to sentencing.

According to the Presentence Investigation Report ("PSI"), on November 6, 2006, Special Agent James Clark, of the Immigration Customs Enforcement

2

("ICE"), received a telephone call from the Roswell, Georgia Police Department, advising Clark that the Roswell Police Department had arrested Ochoa-Garcia on September 22, 2006, on a violation-of-probation warrant. On November 22, 2006, Special Agent Clark traveled to the Detention Center in Roswell to interview Ochoa-Garcia. Ochoa-Garcia waived his Miranda rights and agreed to be interviewed. He subsequently stated that he was a citizen of Mexico and admitted that he had been deported from the United States on two prior occasions and that he had not applied for readmission permission after deportation. Ochoa-Garcia previously had been living illegally in the United States for about ten years and, approximately two months prior to the interview, had re-entered the United States subsequent to his last deportation in 2005.

Following the interview, Special Agent Clark transported Ochoa-Garcia to the Atlanta ICE Office for processing. Ochoa-Garcia was fingerprinted and his fingerprints were entered into the Integrated Automated Fingerprint Identification System for the purpose of verifying Ochoa-Garcia's identity. Special Agent Clark reviewed Ochoa-Garcia's immigration file and found an indication that Ochoa-Garcia had no permission to apply for admission to the United States following deportation. On February 6, 2007, defense counsel provided a Statement of

Acceptance of Responsibility signed by Ochoa-Garcia, after which Ochoa-Garcia entered a guilty plea.

The probation officer found that Ochoa-Garcia had a total adjusted offense level of 10 and a criminal history category V (based on 10 criminal history points), which yielded a sentencing range of 21 to 27 months. In calculating the total adjusted base offense level, the officer recommended a four-level increase, pursuant to U.S.S.G. § 2L1.2(b)(1)(D), for having been previously deported after a felony conviction and a two-level decrease, pursuant to U.S.S.G. § 3E1.1(a), for acceptance of responsibility. Ochoa-Garcia did not object to the PSI.

At the sentencing hearing, the district court stated that it had read the PSI, to which there were no objections, and that the Guideline range was 21 to 27 months. The court then asked the parties for sentencing recommendations. The government recommended a mid-range sentence of 24 months. Defense counsel requested a sentence at the low end of the Guidelines range, based upon Ochoa-Garcia's admission to illegal re-entry and immediate cooperation and the fact that he had not committed any crimes since his date of re-entry. Counsel also stated that he would like to present Ochoa-Garcia's former employer's testimony, which, counsel said, might "influence [the court] to some extent." The district judge responded,

4

"Why don't you just ask one of [the former employers] to come forward and make a short statement?"

In support of a low-end sentence, Ochoa-Garcia then presented the testimony of Charlton Nora, his former employer and friend, who stated that Ochoa-Garcia was "a very honest, pleasant and intelligent young man" whom he considered a brother. Nora also testified that Ochoa-Garcia "was steadily employed managing a car detailing shop, maintaining an apartment and being a father to his young daughter." Nora requested that the court not allow Ochoa-Garcia's illegal re-entry to "overshadow [his] good character" and asked the court to look at Ochoa-Garcia's "present drive to . . . improve[] himself." At the conclusion of Nora's testimony, the district judge said, "Thank you, I appreciate that."

In addition to Nora's testimony, Ochoa-Garcia presented his own mitigating statement. He said that he knew he had committed a crime by returning to the United States but that he had done so because of his daughter and his family. He also indicated that he thought there was some wrongdoing in the manner in which Special Agent Clark took him into custody and interrogated him, because he did not understand the reading of his rights or the content of the papers he had signed until he subsequently read the document translated into Spanish at Clark's office.

When Ochoa-Garcia finished his statement, the court thanked him. The court then imposed a 24-month term of incarceration, without further elaboration. After pronouncing the sentence, the court asked if there were any "exceptions." Both defense counsel and the government answered that there were not. This appeal followed.

As we understand Ochoa-Garcia's argument, he contends that the district court committed procedural error by failing to consider the § 3553(a) factors prior to imposing his sentence, and that his ultimate sentence was substantively unreasonable. Notably, he raised no reasonableness objection, of either a procedural or substantive nature, in the district court. Based on Ochoa-Garcia's failure to object, the government contends that our review should be for plain error, rather than reasonableness. The government has asserted this argument in previous appeals, but we have declined to address it.[1] Given the particular facts of the instant case, we do so now.

Pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), we review a district court's sentence, imposed after consulting the Guidelines and considering the factors set forth at § 3553(a), for reasonableness.

---

[1] See, e.g., United States v. Clemons, 228 Fed. Appx. 888 (11th Cir. 2007) (unpublished); United States v. Camacho-Benitez, 224 Fed. Appx. 884 (11th Cir. 2007) (unpublished).

543 U.S. at 264-65; United States v. Williams, 435 F.3d 1350, 1353 (11th Cir. 2006) ("Under Booker, we review a defendant's ultimate sentence for reasonableness."). The reasonableness review is "deferential" and focuses on whether the sentence imposed fails to achieve the purposes of sentencing as stated in § 3553(a). United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The Supreme Court recently held that appellate courts may apply a presumption of reasonableness to sentences, such as Ochoa-Garcia's, within the Guidelines range. See Rita v. United States, 551 U.S. ----, 127 S. Ct. 2456, 2462-63 (2007). A presumption of reasonableness for a within-Guidelines sentence,

> reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, both the sentencing judge and the Sentencing Commission will have reached the same conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one.

Id. at 2463 (emphasis in original).

Unreasonableness may be procedural or substantive. United States v. Hunt, 459 F.3d 1180, 1182 n. 3 (11th Cir. 2006). A sentence may be procedurally unreasonable if "it is the product of a procedure that does not follow Booker's requirements, regardless of the actual sentence." Id. Moreover, a sentence may be procedurally unreasonable if the district court failed to consider the relevant § 3553(a) factors, which include:

7

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786. The district court is not required to discuss each § 3553(a) factor. Id. Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Id. In a case, such as this one, involving a within-Guidelines sentence, a district judge's decision,

> simply to apply the Guidelines to a particular case . . . will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3353(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical.

Rita, 127 S. Ct. at 2468.

A sentence "may be substantively unreasonable, regardless of the procedure used." Hunt, 459 F.3d at 1182 n. 3. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in

8

weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Williams, 456 F.3d 1353, 1363 (11th Cir. 2006). "[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Talley, 431 F.3d at 788.

First, Ochoa-Garcia says the district court's sentencing procedure was faulty in that it failed to mention that it had considered the § 3553(a) factors, a claim we understand to be one of procedural unreasonableness. Notably, Ochoa-Garcia did not raise this claim in the district court. Indeed, at no point during the sentencing hearing did defense counsel (or anyone, for that matter) so much as mention "section 3553(a)." Rather, for the first time, in this Court, Ochoa-Garcia says that, in addition to providing him with the opportunity to present mitigating testimony (testimony which implicated many of the § 3553(a) factors) and, in fact, hearing that testimony prior to imposing a within-Guidelines sentence, the district court also was required to explicitly state that it had considered § 3553(a). Moreover, Ochoa-Garcia says that the failure to do so, even absent an objection on his part, rendered his sentence unreasonable.

Although we have not applied plain error review to a claim of procedural unreasonableness, several of our sister circuits have done so. See, e.g., United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006) (reviewing for plain error an unpreserved claim that the sentence was unreasonable based on the method used), cert. denied, 127 S. Ct. 3043 (2007); United States v. Bailey, 488 F.3d 363, 367-69 (6th Cir. 2007) (applying plain error review to a defendant's challenge to the procedural reasonableness of his sentence made for the first time on appeal and traditional reasonableness review to a substantive reasonableness challenge made for the first time on appeal); United States v. Romero, 491 F.3d 1173, 1177 (10th Cir. 2007)(same). At the time of sentencing, in Lopez-Flores, the defendant had not objected to a sentencing order which did not refer to any § 3553(a) factors. See 444 F.3d at 1222. The Tenth Circuit applied plain error review, reasoning:

> A timely objection to the method can alert the district court and opposing counsel, so that a potential error can be corrected, obviating any need for an appeal. Here, for example, an objection that the sentencing court had not adequately explained the sentence under the factors set forth in 18 U.S.C. § 3553(a) would have enabled the court either to correct a failure to consider those factors or to state affirmatively that the factors had been considered.

Id. at 1221.

Because a claim of <u>procedural</u> unreasonableness is just the type of argument that readily may (and should) be raised in the district court, we agree with our sister circuits that, absent an objection in the district court, we will review such a claim for plain error only. Applying plain error to a procedural unreasonableness challenge is altogether consistent with the purpose of plain error review: "to enforce the requirement that parties object to errors at trial in a timely manner so as to provide the trial judge an opportunity to avoid or correct any error, and thus avoid the costs of reversal." <u>United States v. Sorondo</u>, 845 F.2d 945, 948-49 (11th Cir. 1988) (quotation omitted). Moreover, plain error review of a procedural reasonableness claim also naturally follows from our caselaw interpreting <u>Booker</u> constitutional and statutory sentencing errors. We have applied plain error review to both constitutional and statutory <u>Booker</u> errors, requiring a defendant to object in the district court, in order to receive reasonableness review, as opposed to plain error review, on appeal. <u>See</u> <u>United States v. Shelton</u>, 300 F.3d 1325, 1330-31 (11th Cir. 2005) . A claim of procedural sentencing error is just the type of issue amenable to a contemporaneous objection, and we now hold that it is the defendant's burden, <u>in the district court</u>, to object to procedural irregularities based on <u>Booker</u>. Absent an objection, we will review such claims for only plain error, consistent with the Tenth Circuit's reasoning in <u>Lopez-Flores</u>.

11

Under plain error review, the burden is on the defendant to establish: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), cert. denied, 545 U.S. 1127 866 (2005).

Even if Ochoa-Garcia satisfied his burden on the first two prongs of the plain error test by showing that the district court committed error that was plain in its sentencing procedure,[2] he cannot show prejudice, meaning an affect on his

---

[2]We need not address prongs one and two, since Ochoa-Garcia's argument fails under prong three, but we pause to observe that while there was no express mention of § 3553(a) at the sentencing hearing, we have held that where the record reflects that "the district court adequately and properly considered the § 3553(a) sentencing factors and the advisory Guidelines range," the Booker inquiry is satisfied at that stage of the sentencing calculus. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005); see also United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (district court's failure to explicitly articulate that it had considered the § 3553(a) factors was not error, in light of the district court's consideration of defendant's objections and motion for downward departure, which implicated a number of the factors). A review of the sentencing hearing reveals that the district court heard testimony implicating many of the § 3553(a) factors: (1) the district court stated that it had adopted the PSI's recommended Guidelines range, see 18 U.S.C. § 3553(a)(7); (2) the PSI outlined the court's sentencing options. See id. § 3553(a)(6); (3) in support of mitigation, Ochoa-Garcia's counsel argued in favor of a low-end sentence and highlighted, among other things, the fact that Ochoa-Garcia had not committed any crimes since his date of re-entry, see 18 U.S.C. §§ 3553(a)(3), (a)(4); and (4) Nora's mitigating testimony concerned Ochoa-Garcia's character, good work history, potential to "improve[ ] himself," and family circumstances, which all concerned Ochoa-Garcia's "history and characteristics," id. at § 3553(a)(1). On this record, we would be hard-pressed to find error that was plain, under the plain error test. We stress, however, that, in order for this Court to conduct meaningful appellate review, a district court's express acknowledgment of the § 3553(a) factors is highly advisable. Under the facts and circumstances of this case, under plain error review, we discern no error. We need not, and do not, address the propriety of a district court's only implicit consideration of the § 3553(a) factors under preserved error review.

12

substantial rights. On the third prong, for an error to affect substantial rights, the error generally "must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734; see also Rodriguez, 398 F.3d at 1300 ("[T]he burden truly is on the defendant to show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses. Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.").

On the record presented, Ochoa-Garcia has not satisfied the third prong of plain error. Specifically, he has neither alleged nor shown that, had the district court expressly stated that it had considered § 3553(a), it would have imposed a lower sentence. Therefore, he cannot establish that the error affected his substantial rights under plain error.

Turning to Ochoa-Garcia's substantive reasonableness challenge to his ultimate sentence, our inquiry is guided by the factors outlined in 18 U.S.C. § 3553(a). Talley, 431 F.3d at 786. Again, as the party challenging the sentence, it is Ochoa-Garcia's burden to establish that his "sentence is unreasonable in the light

13

of both [the] record and the factors in section 3553(a)." Id. He satisfies this burden by establishing that "the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363.

A review of the sentencing hearing reveals that many of the § 3553(a) factors were implicitly considered by virtue of the district court's statements and the opportunity it provided Ochoa-Garcia to present mitigating argument and evidence, prior to the imposition of his ultimate sentence. At the start of the hearing, the district court first stated that it had adopted the PSI's recommended Guidelines range. See 18 U.S.C. § 3553(a)(7) (enumerating "the Sentencing Guidelines range" factor). The PSI outlined the court's sentencing options. See id. § 3553(a)(6) (enumerating "the kinds of sentences available" factor). The court then gave the parties the opportunity to make recommendations on the ultimate sentence imposed. Ochoa-Garcia's counsel argued in favor of a low-end sentence and highlighted, among other things, the fact that Ochoa-Garcia had not committed any crimes since his date of re-entry. See 18 U.S.C. §§ 3553(a)(3) (enumerating "the need for deterrence"), (a)(4) (enumerating "the need to protect the public"). Moreover, Nora's mitigating testimony concerned Ochoa-Garcia's character, good

14

work history, potential to "improve[ ] himself," and family circumstances. All of these details concern Ochoa-Garcia's "history and characteristics," within the meaning of § 3553(a)(1). Finally, the district court heard Ochoa-Garcia's statement of remorse.

On this record, where the district court gave both parties the opportunity to present aggravating and mitigating evidence concerning the § 3553(a) factors and sentenced Ochoa-Garcia to a term in the middle of the Guidelines sentencing range, we cannot conclude that Ochoa-Garcia's sentence was substantively unreasonable. The individual factors Ochoa-Garcia says the district court did not adequately consider -- that he had not committed any new criminal conduct upon returning to the United States after deportation, that he had the support of his local community, and that he suffered from epilepsy, has worked his entire adult life, and cares for his young daughter -- were all before the district court at the sentencing hearing, either by virtue of the PSI or Ochoa-Garcia's evidence. We cannot say that "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363. Accordingly, Ochoa-Garcia has

not met his burden to show that his sentence of 24 months was substantively unreasonable.

**AFFIRMED.**