**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10030 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01177-PGR-1 |
| v. | |
| HUGO ALBERTO PEREZ-CISNEROS, AKA Hugo Alberto Perez, AKA Hugo Alberto Perez-Cisnero, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Submitted December 7, 2011[**]
San Francisco, California

Before: ALARCÓN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Hugo Perez-Cisneros, a citizen of Mexico, appeals his sentence of 57

months of imprisonment and 3 years of supervised release for violating 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1326(a) and (b)(1). Perez-Cisneros pleaded guilty to reentering the United States illegally after removal following a conviction of a felony, which carries a statutory maximum term of imprisonment of 10 years pursuant to 8 U.S.C. § 1326(b)(1). He contends that the district court violated Rule 11(b)(1)(H) of the Federal Rules of Criminal Procedure by advising him at the plea hearing that he was subject to a maximum term of imprisonment of 20 years. That is the maximum term of imprisonment for an alien who has illegally reentered the United States after being deported as a result of a conviction of an aggravated felony. 8 U.S.C. § 1326(b)(2). He also contends that the district court violated Rule 11 when it failed to inform him at his plea hearing that he could also be sentenced to 3 years of supervised release pursuant to 18 U.S.C. § 3583(b)(2) after serving his term of imprisonment. He did not object to either of the alleged Rule 11 violations during the proceedings before the district court.

I

"When a defendant fails to object to a district court's asserted Rule 11 error, our review is limited to plain error." *United States v. Monzon*, 429 F.3d 1268, 1271 (9th Cir. 2005). In reviewing for plain error, "[t]here must be an 'error' that is 'plain' and that 'affect[s] substantial rights.'" *United States v. Olano*, 507 U.S. 725, 732 (1993) (alteration in original). In most cases, for an error to affect

2

substantial rights, it "must have been prejudicial: It must have affected the outcome of the district court proceedings." *Id.* at 734. Where a defendant has failed to interpose a timely objection, "[i]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Id*.

II

The district court sentenced Perez-Cisneros to 57 months of imprisonment, far below the statutory maximum permitted pursuant to 8 U.S.C. § 1326(b)(1). Even including the 3 years of supervised release, Perez-Cisneros's sentence did not violate § 1326(b)(1). In *United States v. Purvis*, 940 F.2d 1276 (9th Cir. 1991), this court held that "§ 3583 authorizes the imposition of supervised release as a part of the defendant's *sentence*, not as a part of his *incarceration*." *Id.* at 1278-79 (emphasis in original). This court has held that "§ 3583 authorizes the revocation of supervised release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum incarceration permissible under the substantive statute." *Id.* at 1279.

Thus, Perez's assertion that he could potentially serve more than the maximum term of imprisonment under the statute if he is reincarcerated following revocation of his supervised release due to a violation of its conditions does not

3

demonstrate prejudice. Reincarceration for a violation of a condition of supervised release is not considered in determining whether the court's sentence exceeds the statutory maximum period of imprisonment for the substantive offense. *Id.*

Furthermore, where the actual sentence imposed by the court is less than a defendant believed he would receive, "any error by the sentencing court in explaining the term of supervised release that he faced was harmless." *United States v. Fuentes-Mendoza*, 56 F.3d 1113, 1114 (9th Cir. 1995). Because Perez-Cisneros's sentence did not exceed the 20 year maximum term of imprisonment he believed he faced when he pleaded guilty, the Rule 11 errors committed by the district court did not affect his substantial rights.

III

Perez-Cisneros has also failed to demonstrate that the district court's error in failing to inform him at the plea hearing that he might face up to 3 years of supervised release following imprisonment pursuant to 18 U.S.C. § 3583(b)(2) violated his substantial rights. Perez failed to object to the Presentence Investigation Report, which recommended that he be sentenced to 3 years of supervised release. He also did not object to the supervised release order at the sentencing proceedings. Perez-Cisneros's ultimate sentence, including the term of imprisonment *and* supervised release, is less than the 10 year maximum term of

*imprisonment* provided for in 8 U.S.C. § 1326(b)(1). Therefore, the district court's error was not "prejudicial" since it did not "affect[] the outcome of the district court proceedings," and thus no "substantial rights" were affected. *Olano*, 507 U.S. at 732.

## Conclusion

Accordingly, the district court's Rule 11 errors did not effect Perez-Cisneros's substantial rights.

AFFIRMED.