**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-30194 |
| Plaintiff-Appellee, | D.C. No. 3:22-cr-00164-HZ-1 |
| v. | |
| DANIEL LYNN GOERING-RUNYAN, AKA Dan Runyan, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted February 7, 2024**
Portland, Oregon

Before:  McKEOWN, BYBEE, and BRESS, Circuit Judges.

Daniel Goering-Runyan appeals his conviction on the single count of failure

to register as a sex offender under 18 U.S.C. § 2250(a).  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We first address whether the district court violated Goering-Runyan's Sixth Amendment right to self-representation. *See Faretta v. California*, 422 U.S. 806, 821 (1975). Although we have "not yet clarified whether denial of a *Faretta* request is reviewed de novo or for abuse of discretion," we conclude that the district court did not err under either standard of review. *United States v. Telles*, 18 F.4th 290, 302 (9th Cir. 2021) (quoting *United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir. 2001)).

At the hearing on his *Faretta* motion, Goering-Runyan correctly identified the crime with which he was charged, knew the potential imprisonment term, and confirmed that he understood the possible financial penalties. However, during the colloquy about supervised release, Goering-Runyan insisted both that the supervised release statute was unconstitutional and that it did not apply to him because he had pleaded not guilty. After considerable back-and-forth, the district court determined that Goering-Runyan's decision to represent himself was not made knowingly, voluntarily, and intelligently, and thus ordered his appointed counsel to remain on the case. The court gave him an opportunity to consult with counsel and advised him that it would consider another *Faretta* motion. He later renewed the motion, but ultimately withdrew it.

We affirm because the district court correctly determined that Goering-Runyan's responses suggested an inability to comprehend that he faced a

2

significant potential punishment—a term of supervised release up to life. *See United States v. Balough*, 820 F.2d 1485, 1487–88 (9th Cir. 1987) (explaining that the *Faretta* inquiry "must focus on what the defendant understood, rather than on what the court said").

Goering-Runyan next takes issue with the jury instructions. Under 18 U.S.C. § 2250(a), it is a federal crime for a person who has been convicted of a qualifying sex offense and travels in interstate commerce to "knowingly fail[] to register or update a registration as required by the Sex Offender Registration and Notification Act" ("SORNA"). The district court's instructions complied with *United States v. Crowder*, and were thus proper. 656 F.3d 870 (9th Cir. 2011). The Government must prove only "that a convicted sex offender knew of a registration requirement and knowingly failed 'to register or update a registration,'" not that "the sex offender also knew that the failure to register violates SORNA." *Id.* at 876–77 (quoting 18 U.S.C. § 2250(a)(3)).

Finally, the district court did not err in imposing a sentence of ten years of supervised release under 18 U.S.C. § 3583(k). Though this sentence, in conjunction with Goering-Runyan's fourteen-month prison sentence, exceeds the maximum ten-year imprisonment term authorized by Section 2250(a), we "have expressly and repeatedly held that a sentencing court may impose a term of supervised release which, when combined with the term of imprisonment, results

in a total sentence beyond the statutory maximum for the substantive offense."
*United States v. Purvis*, 940 F.2d 1276, 1278 (9th Cir. 1991) (emphasis omitted).
We recently reaffirmed this precedent. *See United States v. Henderson*, 998 F.3d
1071, 1072 (9th Cir. 2021) (clarifying that *United States v. Haymond* "did not
overrule or undermine our prior opinion in [*Purvis*]" (citing 139 S. Ct. 2369
(2019))).

We do not countenance Goering-Runyan's argument that the Supreme Court
struck down Section 3583(k) in its entirety in *United States v. Haymond*. The
Court in *Haymond* held unconstitutional only the last two sentences of Section
3583(k). In our view, "none of the concerns raised by Justice Breyer['s]"
controlling concurrence apply to the first sentence of Section 3583(k)—the only
part of the statutory provision relevant to Goering-Runyan's sentence. *See*
*Henderson*, 998 F.3d at 1075–76 (noting, in a case involving a revocation sentence
imposed under 18 U.S.C. § 3583(e), that *Haymond* decided only the issue of
whether Section "3583(k)'s mandatory minimum [for revocation sentences]
violated [the] right to trial by jury"). The supervised release sentence was
therefore properly imposed.

**AFFIRMED.**

4