[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12451
Non-Argument Calendar
_____

D.C. Docket No. 1:91-cr-00017-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER HEFFLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(April 21, 2014)

Before CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Christopher Hefflin appeals his 51-month sentence, imposed following the mandatory revocation of his supervised release under 18 U.S.C. § 3583(g). Hefflin was originally convicted in 1992 of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He was sentenced as an armed career criminal to 210 months imprisonment, to be followed by five years of supervised release.[1] After completing his custodial sentence, but while serving his term of supervised release, Hefflin was convicted in 2010 of obstructing a police officer and driving with a suspended license, both in violation of Georgia law. The following year he was convicted in Georgia on two counts of selling cocaine and was sentenced to 30 years in custody, but was allowed to serve 27 of those years on probation.

By violating state law, Hefflin violated the terms of his supervised release. And his convictions for selling cocaine made revocation of his supervised release mandatory. See 18 U.S.C. § 3583(g) (mandating revocation where the defendant unlawfully possessed a controlled substance). Accordingly, the district court revoked his supervised release and, using the 2012 version of the sentencing guidelines, calculated a guidelines range of 46 to 57 months imprisonment. It then imposed a within-guidelines sentence of 51 months.

I.

---

[1] Hefflin was initially sentenced to 360 months imprisonment, but that sentence was later reduced to 210 months.

2

Hefflin challenges his 51-month sentence on two grounds. He first argues that the sentence is substantively unreasonable in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). That argument is misplaced. Where, as here, revocation of supervised release is mandatory under § 3583(g), a district court is not required to consider the § 3553(a) factors in imposing a sentence. United States v. Brown, 224 F.3d 1237, 1241 (11th Cir. 2000). Instead, the only limitation on a sentence imposed following the mandatory revocation of supervised release is that it not "exceed the maximum term of imprisonment authorized under [§ 3583(e)(3)]." 18 U.S.C. § 3583(g). Because Hefflin's original conviction under §§ 922(g)(1) and 924(e)(1) was for a class A felony carrying a maximum penalty of life imprisonment, the maximum term that could be imposed following the revocation of his supervised release was five years. See 18 U.S.C. § 3583(e)(3) (providing that when the underlying offense is a class A felony, the term of imprisonment imposed after revocation of supervised release may not exceed five years); id. § 3559(a)(1) (classifying an offense as a class A felony if the maximum penalty is life imprisonment); United States v. Brame, 997 F.2d 1426, 1428 (11th Cir. 1993) (holding that the statutory maximum under § 924(e) is life in prison). Hefflin's sentence of 51 months, or 4.25 years, was below the statutory maximum.

Hefflin next contends that his sentence violates the Ex Post Facto Clause of the Constitution because the district court used the 2012 version of the sentencing

3

guidelines, the version in effect on the date he was sentenced, to calculate the guidelines range for his violation of supervised release, instead of the 1992 version in effect at the time of his original sentencing. He asserts that the imposition of a 51-month sentence under the 2012 guidelines, when combined with his original sentence of 210 months, "creates a longer sentence than was available to the court at the time of [his] initial sentencing," which he insists was 20 years.

A sentencing court must generally apply the version of the guidelines "in effect on the date that the defendant is sentenced" unless doing so would violate ex post facto principles. U.S.S.G. § 1B1.11(a), (b)(1) (2012). The Ex Post Facto Clause "bars application of a law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." Johnson v. United States, 529 U.S. 694, 699, 120 S.Ct. 1795, 1800 (2000) (alterations and quotation marks omitted). For a law to run afoul of the Ex Post Facto Clause, two elements must be present — it must "operate[] retroactively," applying to conduct completed before its enactment, and it must "raise[] the penalty from whatever the law provided when [the defendant] acted." Id.

The Supreme Court has suggested that for ex post facto purposes post-revocation penalties should be treated "as part of the penalty for the initial offense," not as "punishment for the violation of the conditions of supervised release," meaning that penalty provisions enacted after the original conviction but

4

before the violation of supervised release operate retroactively, satisfying the first requirement for an ex post facto violation.  See id. at 700, 120 S.Ct. at 1800–01. Even so, the district court was not required to use the 1992 version of the guidelines to calculate Hefflin's advisory sentencing range because the 2012 version, the version in effect at the time of sentencing, does not satisfy the second requirement for a violation — it did not raise the penalties associated with Hefflin's violation of supervised release.  In the case of revocation of supervised release, the applicable range of imprisonment is set forth in U.S.S.G. § 7B1.4, which has not changed since 1992.  Compare U.S.S.G. § 7B1.4(a) (1992), with id. § 7B1.4(a) (2012).  Under either version of the guidelines, Hefflin's advisory sentencing range, based on a grade A violation while on supervised release for a class A felony and a criminal history category of V, is 46 to 57 months imprisonment.  See id. § 7B1.4(a) (1992); id. § 7B1.4(a) (2012).

Hefflin's argument that the use of the 2012 guidelines allowed the district court to impose a longer sentence than was available at the time of his initial sentencing is simply wrong.  Contrary to his assertions, the maximum sentence that the district court could have imposed in 1992 for a violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) was life imprisonment, not 20 years.  See Brame, 997 F.2d at 1428.  And even if that were not the case, district courts can impose an additional term of imprisonment on a defendant for violating his supervised

release, even if the defendant has already served the maximum statutory penalty for his underlying conviction.  United States v. Proctor, 127 F.3d 1311, 1312–13 (11th Cir. 1997); see also United States v. Purvis, 940 F.2d 1276, 1279 (9th Cir. 1991) ("We hold that § 3583 authorizes the revocation of supervised release even where the resulting incarceration, when combined with the period of time the defendant has already served for his substantive offense, will exceed the maximum incarceration permissible under the substantive statute.").

For these reasons, we affirm Hefflin's sentence following the revocation of his supervised release.

**AFFIRMED.**