[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15137
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00327-SCB-AEP-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS CHERILUS MORANCY, a.k.a. Pearl,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 17, 2020)

Before BRANCH, LUCK, and FAY, Circuit Judges.

PER CURIAM:

Demetrius Morancy pleaded guilty to one count of conspiring to possess with the intent to distribute heroin and fentanyl and eight counts of possessing with the intent to distribute heroin and fentanyl. Morancy was sentenced to 120 months' imprisonment followed by five years of supervised release; the district court also imposed $900 in special assessments—$100 for each count of conviction. Morancy argues for the first time on appeal that the district court plainly erred in imposing the special assessments under 18 U.S.C. section 3013 because the drug offenses for which he was convicted were not committed "against the United States" within the meaning of the statute. We affirm.

On October 25, 2018, a grand jury charged Morancy with: one count of conspiring to distribute, possess with intent to distribute, manufacture, and possess with intent to manufacture various controlled substances the use of which resulted in the death of a person, in violation of 21 U.S.C. section 846; and eight counts of distributing and possessing with the intent to distribute various controlled substances, in violation of 21 U.S.C. section 841(a)(1). At his plea hearing, Morancy pleaded guilty without a plea agreement to all nine counts as charged. Morancy acknowledged the penalties he faced, including the imposition of a $100 special assessment for each count.

2

Morancy's presentence investigation report recommended a total guideline range of 120 to 135 months' imprisonment. It also noted that a special assessment of $100 was required for each of the nine counts pursuant to 18 U.S.C. section 3013. Morancy did not object to the presentence investigation report.

The district court held a sentence hearing on July 16, 2019. Morancy and the government both requested a 120-month total sentence, which the district court imposed. The district court also imposed a $100 special assessment for each of the nine counts. The court gave the parties a final opportunity to object to the sentence, but neither party did.

We ordinarily review de novo a defendant's challenge to his sentence on legal grounds. United States v. Proctor, 127 F.3d 1311, 1312 (11th Cir. 1997). However, where a defendant fails to object at sentencing, we review for plain error. See United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). To prevail under plain-error review, a defendant must show: (1) an error; (2) that the error was plain; and (3) that the error affected his substantial rights. Id. If all three conditions are met, we may reverse only if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. See id.

Morancy argues that the district court plainly erred in imposing the special assessments under section 3013 because none of his drug offenses were committed "against the United States" as required by the plain text of the statute. We affirm

3

because, even if the district court erred in imposing the special assessments, its error was not plain. "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." United States v. Schultz, 565 F.3d 1353, 1357 (11th Cir. 2009).

By its terms, section 3013 applies to offenses "against the United States," but it doesn't define what those offenses are. As such, the text of section 3013 does not explicitly preclude its application to Morancy's drug offenses. Cf. United States v. Fontenont, 611 F.3d 734, 737 (11th Cir. 2010) (finding no plain error where the statutory text did "not compel [the defendant's] desired interpretation" and it was "at least plausible" to read the statute otherwise). Nor does any decision of this court or the Supreme Court provide that section 3013 does not apply to Morancy's drug offenses. In fact, Morancy recognizes that the Supreme Court said section 3013 "requires a federal district court to impose a . . . special assessment for every conviction." Rutledge v. United States, 517 U.S. 292, 301 (1996). Morancy argues that part of Rutledge was dicta, but "there is dicta and then there is dicta, and then there is Supreme Court dicta." Schwab v. Crosby, 451 F.3d 1308, 1325 (11th Cir. 2006). "[D]icta from the Supreme Court is not something to be lightly cast aside." Id. (citation omitted). We don't, and therefore, we do not find the district court's reading of section 3013 plainly erroneous.

**AFFIRMED.**

4