[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13808
Non-Argument Calendar

_____

D.C. Docket No. 4:09-cr-00405-LSC-HNJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL ROY SHARPE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 29, 2021)

Before BRASHER, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Michael Sharpe appeals the sentence imposed -- pursuant to 18 U.S.C. § 3583(e)(3) -- upon revocation of Sharpe's supervised release.  Sharpe contends that the imposition of an additional prison sentence violates his Fifth and Sixth Amendment rights to due process and a jury trial.  No reversible error has been shown; we affirm.

In 2010, Sharpe pleaded guilty to possession of a cell phone containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Sharpe was sentenced to a statutory-maximum sentence of 10 years in prison, followed by 10 years' supervised release.[1]

Sharpe's supervised release began in May 2018.  In August 2020, a probation officer petitioned the district court to revoke Sharpe's supervised release.  In the petition, the probation officer alleged that Sharpe had been charged with practicing medicine or osteopathy without a license: a felony under Alabama law.  In addendums to the petition for revocation, the probation officer charged Sharpe with these additional violations of his supervised-release conditions: (1) failing to comply with the sex-offender registration requirements, (2) failing to submit

---

[1] According to the Presentence Investigation Report, Sharpe was subject to a term of supervised release between 5 years and life.

2

truthful and complete written reports, (3) accessing the internet without authorization, (4) volunteering in an activity that placed him in a position of trust with minors, and (5) associating with a convicted felon.

After considering the arguments and witness testimony presented at the revocation hearing, the district court found it "abundantly clear" that Sharpe had violated the conditions of his supervised release. The district court thus revoked Sharpe's supervised release and sentenced Sharpe to 24 months' imprisonment, followed by a life term of supervised release.

In a separate written order, the district court rejected -- based on our decision in United States v. Cunningham, 607 F.3d 1264 (11th Cir. 2010) -- Sharpe's argument that an additional prison sentence violated the Fifth and Sixth Amendments. The district court concluded that the revocation proceeding implicated no Fifth or Sixth Amendment protections and that an additional term of imprisonment could be imposed without a jury and based upon the district court's finding by a preponderance-of-the-evidence that Sharpe violated the conditions of his supervised release.

On appeal, Sharpe contends that, as applied to him, section 3583(e)(3) violates the Fifth and Sixth Amendments and the Supreme Court's decision in Apprendi.[2] Sharpe says that -- because he has already served the statutory

_____

[2] Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (concluding that "[o]ther than the fact of a

3

maximum sentence for his offense of conviction -- any additional term of imprisonment would increase the penalty for his crime beyond the maximum penalty authorized by his guilty plea. As a result, Sharpe argues that all factfinding resulting in reimprisonment must be found by a jury beyond a reasonable doubt.

We review de novo challenges to the constitutionality of a statute. See Cunningham, 607 F.3d at 1266.

Under section 3583(e)(3), a district court may revoke a term of supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). About reimprisonment, section 3583(e)(3) provides that the district court may "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision." Id. (subject to a 2-year maximum sentence when the underlying offense-of-conviction is a class C or D felony).

That section 3583(e)(3) purports to authorize the district court to impose a new prison sentence upon violation of a condition of supervised release even when the defendant has already been sentenced to the statutory maximum sentence is

prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

4

clear.  See Andrews v. Warden, 958 F.3d 1072, 1080 (11th Cir. 2020) (explaining that a district court "would be well within its power" under section 3583(e)(3) to order a defendant who has already completed the statutory maximum sentence for his offense to serve the remainder of his supervised-release term in prison); United States v. Proctor, 127 F.3d 1311, 1313 (11th Cir. 1997) (concluding that a district court had authority under section 3583(e)(3) to sentence a defendant to an additional prison term upon revocation of supervised release even though the defendant had already served the maximum statutory prison sentence).  We have said that -- because the original term of imprisonment and a term of reimprisonment following revocation of supervised release under section 3583(e)(3) are "distinct components" of a defendant's original sentence -- the combined time served in prison may exceed the statutory maximum sentence for the underlying crime.  See Andrews, 958 F.3d at 1080.

We have upheld section 3583(e)(3) as constitutional under the Fifth and Sixth Amendments as those rights have been interpreted by Apprendi and its progeny.  See Cunningham, 607 F.3d at 1268.  In Cunningham, we noted that the Supreme Court considers revocation proceedings as separate from a criminal prosecution that would trigger the full panoply of due process rights under the Sixth Amendment.  See 607 F.3d at 1267 (citing Morrissey v. Brewer, 406 U.S. 471, 480 (1972), and Johnson v. United States, 529 U.S. 694, 700 (2000)).  We

5

recognized that the Supreme Court concluded (pre-Apprendi) that the Sixth

Amendment right to a jury trial and to a reasonable-doubt standard is inapplicable

to supervised-release revocation proceedings "because revocation of supervised

release is treated 'as part of the penalty for the initial offense.'" See 607 F.3d at

1267 (citing Johnson, 529 U.S. at 700).

In considering the impact of Apprendi on supervised-release proceedings,

we found persuasive the reasoning from other circuit courts that had addressed the

issue. We noted the Second Circuit's determination that "the full panoply of

procedural safeguards, including those due process rights articulated in Apprendi

and Blakely, 'does not attach to revocation proceedings because the Supreme

Court has distinguished revocation proceedings from criminal prosecutions on the

ground that a probationer already stands convicted of a crime.'" Id. at 1267-68

(emphasis in original) (citing United States v. Carlton, 442 F.3d 802, 807 (2nd Cir.

2006)).

In the light of this persuasive authority, we said that -- unlike the criminal

defendant in Apprendi -- a defendant in a supervised-release revocation proceeding

"stands already convicted" of the underlying criminal offense and "was granted

only conditional liberty" dependent upon the defendant's compliance with the

conditions of supervised release. Id. at 1268. As a result, we determined that the

defendant in a supervised-release revocation proceeding is entitled only to the

limited procedural safeguards identified by the Supreme Court in Morrissey: safeguards that do not include a jury trial or a beyond-a-reasonable-doubt standard. See id. "[B]ecause the violation of supervised release need only be proven by a preponderance of the evidence, and there is no right to trial by jury in a supervised release revocation hearing," we concluded that section 3583(e)(3) constituted no violation of the Fifth or Sixth Amendments. Id.

Guided by our precedent in this area, we reject Sharpe's arguments on appeal. The district court had power under section 3583(e)(3) to impose an additional term of imprisonment even though Sharpe had already served the maximum statutory sentence for his offense. See Andrews, 958 F.3d at 1080; Proctor, 127 F.3d at 1313. Because the revocation of Sharpe's supervised release and the resulting prison sentence are considered a part of the penalty for Sharpe's original offense -- not a separate criminal proceeding or penalty -- Sharpe was unentitled to a jury trial or to factfinding beyond a reasonable doubt. See Cunningham, 607 F.3d at 1267-68.

On appeal, Sharpe contends that Cunningham has been abrogated by the Supreme Court's recent decision in United States v. Haymond, 139 S. Ct. 2369 (2019). In Haymond, the Supreme Court concluded that section 3583(k) violates the Fifth and Sixth Amendments because it imposes a new mandatory minimum sentence upon revocation of supervised release based on additional judge-found

facts. See 139 S. Ct. at 2373, 2378 (plurality opinion); id. at 2386 (Breyer, J., concurring in the judgment). The Supreme Court stressed, however, that its decision was "limited to § 3583(k) . . . and the Alleyne problem raised by its 5-year mandatory minimum term of imprisonment," and declined expressly to address the constitutionality of section 3583(e). Id. at 2383 (plurality opinion), 2382 n.7 ("[W]e do not pass judgment one way or the other on § 3583(e)'s consistency with Apprendi."). Given this express language, Haymond does not overrule or abrogate our decision in Cunningham: a case dealing only with section 3583(e)(3). Cunningham thus remains binding precedent. See United States v. Archer, 531 F.3d 1347, 1352 (11th Cir. 2008) (under our prior-panel-precedent rule, we are bound by a prior panel's decision "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc."); see also United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009) (for purposes of our prior-panel-precedent rule, "the Supreme Court decision 'must be clearly on point'" and must "actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel.").

The district court committed no error in imposing a new term of imprisonment upon revocation of Sharpe's supervised release; we affirm.

AFFIRMED.

8